NUMBER 13-03-232-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
                                                                                                                      
 
KATHY SPATES,                                                                         Appellant,

v.

WAL-MART STORES, INC.,                                                        Appellees.
                                                                                                                                      

On appeal from the 149th District Court of Brazoria County, Texas.
                                                                                                                      

MEMORANDUM OPINION
 
Before Justices Hinojosa, Yañez, and Garza
Memorandum Opinion by Justice Garza

          Kathy Spates sued Wal-Mart after suffering injuries by tripping over a plastic six-pack ring in a Wal-Mart store. The trial court granted a final summary judgment in favor
of Wal-Mart, and Spates now appeals to this Court. Because we conclude that a genuine
issue of material fact exists as to whether Wal-Mart had constructive knowledge of the six-pack ring, we reverse the trial court’s order and remand the case for further proceedings
consistent with this opinion. 
I. Discussion
          Wal-Mart moved for summary judgment on both traditional and no-evidence
grounds. In ruling for Wal-Mart, the trial court did not explain the basis for its judgment and
did not specify whether it was granting Wal-Mart’s traditional or no-evidence motion. We
therefore discuss both grounds for summary judgment and explain why summary judgment
would have been improper on either basis. 
1. No-Evidence Summary Judgment
          To survive a no-evidence motion for summary judgment, the non-movant must
produce more than a scintilla of evidence on the challenged element of its claim. See Tex.
R. Civ. P. 166a(i). More than a scintilla of evidence exists if the evidence “rise[s] to a level
that would enable reasonable and fair minded people to differ in their conclusions.” Merrell
Dow Pharm., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). 
          Wal-Mart sought to negate the first element of Spates’ premises liability claim: the
defendant had actual or constructive knowledge of some condition of the premises.


 This
requirement ensures that owners are allowed a reasonable amount of time to discover
dangerous conditions. Wal-Mart Stores, Inc. v. Reece, 81 S.W.3d 812, 816 (Tex. 2002).
To prove constructive knowledge, Spates had to establish that, more likely than not, the
condition existed long enough to give the premises owner a reasonable opportunity to
discover it. Id. at 814. To do so and to avoid summary judgment, Spates had to produce
some temporal proof—some proof of how long the hazard had existed before the accident. 
See id. at 816. This so-called temporal proof is assessed by the fact finder, who uses it
to determine whether, given the other relevant circumstances, the premises owner had a
reasonable opportunity to discover the dangerous condition. See id. If the amount of time
did not give the owner a reasonable opportunity to discover the condition, there is no
constructive knowledge and therefore no liability. What constitutes a reasonable time
varies depending upon the facts and circumstances of the case. Id. In some cases, “a few
brief moments” have sufficed. See Mass Marketing, Inc. v. Gaines, 70 S.W.3d 261, 264
(Tex. App.—San Antonio 2001, pet. denied). 
          Taken as true, Spates’ evidence established that (1) the six-pack ring was on the
floor for at least one minute prior to her accident; (2) a Wal-Mart employee was in close
proximity to the six-pack ring (three to five feet away) at the time of Spates’ fall; (3) the
employee had frequently encountered plastic six-pack rings on the floor and knew they
were hazardous; (4) the employee was engaged in “Zone Defense” at the time of Spates’
fall, which is a procedure whereby an employee periodically stops regular duties and
moves through the work area to make sure that the floor is clean.
          Reasonable and fair minded jurors could disagree on whether the foregoing
evidence establishes Wal-Mart’s constructive knowledge. It is not for this Court to decide
liability by dictating what a reasonable amount of time would be in this case; rather, we are
concerned with only identifying genuine issues of material fact that would defeat summary
judgment. Spates’ evidence raises such an issue. A no-evidence summary judgment in
favor of Wal-Mart was therefore improper.
          In reaching this conclusion, we reject Wal-Mart’s contention that this case is
controlled by prior precedent. Wal-Mart argues that the type of evidence produced by
Spates has been offered by other similarly situated plaintiffs and rejected by the courts as
being no evidence at all. See Wal-Mart v. Gonzalez, 968 S.W.2d 934, 937–38 (Tex. 1998);
H.E. Butt Grocery Co. v. Rodriguez, 441 S.W.2d 215, 217 (Tex. App.–Corpus Christi 1969,
no writ.). 
          In the first case cited by Wal-Mart, Wal-Mart v. Gonzalez, the plaintiff slipped and
fell on some macaroni salad on the floor of a Wal-Mart store. Gonzalez, 968 S.W.2d at
936. The plaintiff alleged that Wal-Mart had constructive knowledge of the hazard; but, as
in this case, the only evidence showing how long the hazard had been on the floor prior to
the plaintiff’s accident was circumstantial. See id. at 936. The plaintiff’s daughter testified
that the salad had footprints on it and that it appeared as if “it had been there for a while.” 
Id. Rendering judgment for Wal-Mart, the Texas Supreme Court held that this evidence
was purely speculative and thus devoid of evidentiary value in determining how long the
hazard had been in existence. Id. at 937–38. 
          Gonzalez does not control the instant case because, unlike the plaintiff in Gonzalez,
Spates produced more than speculative evidence to prove a minimum amount of time that
the hazard had existed before her accident. This distinguishes the instant case from
Gonzalez. 
          In the second case cited by Wal-Mart, H.E. Butt Grocery Co. v. Rodriguez, this
Court reversed a judgment for a slip-and-fall plaintiff who had sued a grocery store after
slipping on a grape. See Rodriguez, 441 S.W.2d at 217. We held that the plaintiff’s
evidence that the grape was squashed and muddy, that the floor was dirty, and that pieces
of paper were strewn around on the floor nearby was no evidence that the grape had been
on the floor for such period of time that it would have been discovered and removed by the
defendant in the exercise of ordinary care. Id. 
          As with Gonzalez, this case can be distinguished from Rodriguez because the
plaintiff in this case has produced some evidence of how long the hazard had existed. 
Spates’ evidence establishes that the six-pack ring was on the floor for at least a minute
before the accident. As such, Spates’ evidence cannot be likened to the deficient evidence
presented in Gonzalez and Rodriguez. 
          One of our sister courts has recently reached a similar conclusion. See Wal-Mart
Stores, Inc. v. Garcia, 30 S.W.3d 19, 23 (Tex. App.—San Antonio 2000, no pet.); see also
Gaines, 70 S.W.3d at 264. In Wal-Mart v. Garcia, the plaintiff slipped and fell on a
jalapeno that was on the floor of a snack bar. Garcia, 30 S.W.3d at 21. The San Antonio
court found that the plaintiff’s temporal evidence—her testimony that, at the time of her
accident, no customers were in the area who had food items from which a jalapeno could
have dropped—amounted to more than a scintilla of evidence to prove Wal-Mart’s
constructive knowledge of the hazard. Id. at 23. In so holding, the court distinguished the
plaintiff’s testimony from the testimony in Gonzalez. Id. It emphasized that the plaintiff’s
testimony established that the hazard had more likely than not been present for a minimum
period of time. Id. 
          This instant case can be distinguished similarly. Spates produced evidence on
which reasonable and fair minded people could disagree about whether Wal-Mart had
constructive knowledge. The evidence shows that the hazard had been on the floor for at
least a minute prior to the accident, that a Wal-Mart employee was within close proximity
of the hazard, and that the employee was aware of such hazards and was actively looking
for them. This is more than a scintilla of proof. We hold that “at least one minute” is a
definite period of time that should be submitted to the jury along with other evidence so that
the jury may decide whether Wal-Mart had constructive knowledge. Summary judgment
was therefore improper on Wal-Mart’s no-evidence motion.



2. Traditional Motion for Summary Judgment
          In a traditional summary judgment, the movant must establish that no genuine issue
of material fact exists as to at least one element of the non-movant’s claim and that the
movant is entitled to judgment as a matter of law. See Tex. R. Civ. P. 166a(c); Cate v.
Dover Corp., 790 S.W.2d 559, 562 (Tex. 1990). All doubts about the existence of a
genuine issue of a material fact are resolved against the movant. Cate, 790 S.W.2d at
562; see also Acker v. Texas Water Comm'n, 790 S.W.2d 299, 301–02 (Tex. 1990). 
Where, as in this case, the trial court does not state the specific grounds upon which the
summary judgment was granted, the reviewing court must consider whether any theories
set forth in the motion will support a summary judgment. State Farm Fire & Cas. Co. v.
S.S., 858 S.W.2d 374, 380 (Tex. 1993). A summary judgment must be affirmed if any of
the theories advanced by the movant are meritorious. Id. 
          Wal-Mart contends that summary judgment was proper because Spates produced
no evidence of Wal-Mart’s actual or constructive knowledge of the hazard. Wal-Mart
argues that Spates’ evidence is too speculative to support a finding of constructive
knowledge. We have already reached a different conclusion. Spates’ evidence amounted
to more than a scintilla of proof on the element of constructive knowledge. A genuine issue
of material fact exists on this element. A traditional summary judgment was therefore
improper. 
II. Conclusion
          Having reviewed both grounds on which Wal-Mart moved for summary judgment
and concluded that neither ground can support a summary judgment, we reverse the trial
court’s judgment and remand for further proceedings consistent with this opinion.    
 
                                                                                      _______________________
                                                                                      DORI CONTRERAS GARZA,
                                                                                      Justice
 
 
Memorandum Opinion delivered 
and filed this the 12th day of August 2004.