

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00153-CV

DOROTHY L. HOLLAND, INDEPENDENT
EXECUTRIX OF THE ESTATE OF WILLIAM
R. HOLLAND, SR., DECEASED, ET AL.,

                                  **Appellants**

 v.

EOG RESOURCES, INC.,

                                  **Appellee**

### From the 249th District Court
### Johnson County, Texas
### Trial Court No. C-2008-00198

## MEMORANDUM OPINION

Dorothy L. Holland, Independent Executrix of the Estate of William R. Holland, Sr., deceased, Ralph A. Holland, Martha Jane Staley, Charles R. Holland, Sherry Davis, George Holland, Charles W. Holland, Ann Elder, Judith Karen Brown, Jerry M. Holland, Gene Ann Rumbles, Tomi MacDonald, Twilla Kay Meyer, Kay Zunker, Pat Hart, Linda Cameron, Ryan Perry, and Kilgore & Kilgore, P.L.L.C. (the "Hollands") sued EOG Resources, Inc. for specific performance, breach of contract, and attorney's

fees under the Natural Resources Code. The Hollands filed a traditional motion for summary judgment, which the trial court denied, and EOG filed a partial motion for summary judgment on specific performance, which the trial court granted. The trial court subsequently granted EOG's traditional and no-evidence motion for summary judgment on the Hollands' remaining claims. The Hollands challenge the trial court's summary judgment rulings, arguing that the trial court erred by (1) finding that EOG complied with the settlement agreement; (2) denying their damages and attorney's fees for breach of contract; and (3) denying their attorney's fees under the Natural Resources Code. We affirm.

## STANDARDS OF REVIEW

We review a trial court's traditional summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). In reviewing a summary judgment, we must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented. *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam) (citing *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex. 2006) (per curiam); *City of Keller v. Wilson*, 168 S.W.3d 802, 822-24 (Tex. 2005)). We must consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the motion. *See Goodyear Tire*, 236 S.W.3d at 756 (citing *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (per curiam); *Spates*, 186 S.W.3d at 568).

We review a no-evidence summary judgment under the same standard of review as a directed verdict. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581 (Tex. 2006).

"We review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Id.* at 582. A no-evidence summary judgment will be defeated if the non-movant produces some evidence "raising an issue of material fact" on the elements challenged by the movant. *Id.*

## BREACH OF CONTRACT

In issue one, the Hollands contend that EOG breached the parties' settlement agreement. In issue two, the Hollands contend that they are entitled to attorney's fees and damages for breach of contract.[1]

The parties entered a settlement agreement containing the following provision:

> EOG will spud a well on the Holland tract no later than December 31, 2007, and if it fails to do so, shall make a one-time payment in the total amount of $25,000 collectively to the Plaintiffs and Kilgore & Kilgore PLLC, in the ratio of 75% to 25% respectively.

EOG did not spud a well on the Holland tract, but spudded a well on property pooled with the Holland tract. The Hollands contend that this fails to satisfy the agreement and constitutes breach because: (1) spudding on the Holland tract is not accomplished by "extending a subsurface horizontal leg of a well commenced on another tract;" and (2) the agreement neither provides that a well may be spudded on the "Holland tract or on land pooled therewith," nor authorizes EOG to pool the well obligation. They seek

---

[1] EOG contends that its no-evidence summary judgment on the Hollands' breach of contract and Natural Resources Code claims should be affirmed because the Hollands failed to present evidence in response to the motion. The Hollands incorporated the documents in EOG's motion by reference, which is permissible. *See* TEX. R. CIV. P. 166a(c).

attorney's fees, the $25,000 payment provided in the agreement, and damages for the alleged breach.

The "primary legal consequence of pooling is that production and operations anywhere on the pooled unit are treated as if they have taken place on each tract within the unit." *Se. Pipe Line Co. v. Tichacek*, 997 S.W.2d 166, 170 (Tex. 1999); *see Browning Oil Co. v. Luecke*, 38 S.W.3d 625, 634 (Tex. App.—Austin 2000, pet. denied). "A logical corollary to this rule is that a well drilled anywhere on the unit is deemed to be a well on each lease in the unit." *Tenn. Gas Pipeline Co. v. Lenape Res. Corp.*, 870 S.W.2d 286, 299 (Tex. App.—San Antonio 1993), *aff'd in part and rev'd in part on other grounds*, 925 S.W.2d 565 (Tex. 1996). The result of spudding a well on land pooled with the Holland tract is the legal equivalent to spudding a well on the Holland tract. Accordingly, we cannot say that EOG breached this provision of the settlement agreement. Absent a breach, the Hollands are not entitled to attorney's fees, damages, or $25,000 contractual damages.[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8) (Vernon 2008); *see also Green Int'l v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997). We overrule issues one and two.

## NATURAL RESOURCES CODE

In issue three, the Hollands contend that they are entitled to attorney's fees under section 91.402(a) of the Natural Resources Code because EOG failed to make timely royalty payments.

Section 91.402(a) provides:

---

[2] At oral argument, the Hollands argued that specific performance was no longer an issue. Even if it were, they would not be entitled to specific performance in the absence of a breach of contract. *See Stafford v. S. Vanity Magazine, Inc.*, 231 S.W.3d 530, 535 (Tex. App.—Dallas 2007, pet. denied).

> The proceeds derived from the sale of oil or gas production from an oil or gas well located in this state must be paid to each payee by payor on or before 120 days after the end of the month of first sale of production from the well. After that time, payments must be made to each payee on a timely basis according to the frequency of payment specified in a lease or other written agreement between payee and payor.

TEX. NAT. RES. CODE ANN. § 91.402(a) (Vernon Supp. 2009). If a plaintiff files suit to "collect proceeds and interest" and receives a favorable judgment, he is entitled to "reasonable attorney's fees" and "if the actual damages to the plaintiff are less than $200, an additional amount so that the total amount of damages equals $200." TEX. NAT. RES. CODE ANN. § 91.406(1)-(2) (Vernon 2001).

Danielle Watson, staff title analyst for EOG, stated by affidavit that on March 13, 2008, Kay Zunker[3] contacted her to complain that her overriding royalty interest payment was incorrectly computed. Watson determined that the calculation erroneously included two heirs who were not parties to the settlement agreement. She told Zunker that the amount would be corrected. Watson corrected the division of interest records to reflect the correct overriding royalty interest payment. The correction was approved a few days later. The April 12 checks included the correct February payment, as well as payments for September 2007 through January 2008 based on the increased overriding royalty interest. Suit had been filed on April 8.

EOG argues that the trial court lacked jurisdiction over this claim because, at the time suit was filed, no live controversy existed. We agree.

---

[3] Watson stated that she thought that she was contacted by Zunker.

The issue of the miscalculated overriding royalty interest payment was resolved before suit was filed, regardless of when the corrected amounts were received. There was no live controversy at the time suit was filed and there were no unpaid royalties for which the trial court could award fees or damages. *See Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001) ("If a controversy ceases to exist [at any stage of the proceedings] -- 'the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome' -- the case becomes moot."); *see also Headington Oil Co., L.P. v. White*, 287 S.W.3d 204, 215-16 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (A plaintiff who obtains a *favorable* judgment is entitled to attorney's fees under section 91.406). We overrule issue three.

Having overruled the Hollands' three issues, we affirm the trial court's judgment.


FELIPE REYNA
Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed
Opinion delivered and filed March 24, 2010
[CV06]