

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00020-CV

_____

DAVID MCDEVITT, Appellant

V.

SARAH HILL, Appellee

On Appeal from the 348th District Court
Tarrant County, Texas
Trial Court No. 348-332642-22

Before Birdwell, Womack, and Walker, JJ.
Memorandum Opinion by Justice Walker

# MEMORANDUM OPINION

## I. INTRODUCTION

This is an appeal from summary judgment granted in favor of Appellee Sarah Hill's breach of contract suit against Appellant David McDevitt.

In two issues, Appellant argues that the trial court erred by (1) granting summary judgment because issues of fact existed regarding the loan's repayment terms and maturity date and (2) awarding attorney's fees for work performed on nonsuited claims and applying an incorrect pre-judgment interest rate. We reverse on Appellant's first issue.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Appellant and Appellee were friends, and in March 2018 she agreed to loan him $410,000. In May 2018, Appellant and Appellee signed a written acknowledgment (Acknowledgment) that memorialized the loan. The Acknowledgment enumerated four points but did not include any other terms, and it reads as follows:

1. David's business and personal situation required him to seek financial assistance to enable him to meet certain obligations.

2. Sarah learned of David's situation and offered to provide such financial assistance.

3. David and Sarah discussed the specifics of the financial assistance and agreed that such assistance shall be on a loan basis, not as a gift, and shall be repaid.

4. Sarah loaned David the sum of Four Hundred Ten Thousand and 00/100 Dollars ($410,000.00), as evidenced by two separate wire transfer deposits made to David's Comerica bank account . . . dated March 27, 2018 and March 28, 2018 in the sums of Two Hundred Thousand and 00/100 Dollars ($200,000) and Two Hundred Ten Thousand and 00/100 Dollars ($210,000), respectively.

At some point, though it is not contained within the text of the Acknowledgment, Appellant also agreed to pay the interest and tax penalties that Appellee had incurred for loaning him the money.

From May 2018 to March 2022, Appellant made monthly payments to Appellee that amounted to approximately $85,000. By March 2022, Appellee demanded full repayment of the loan but also offered to modify the terms of the loan. However, the parties could not agree on a modification because, in Appellant's estimation, the proposed terms "imposed an unrealistic time[]table for the funds to be repaid that was contrary to the original agreement, demanded collateral which would over[-]secure [Appellee,] and imposed other extraordinary terms."

Shortly thereafter, Appellee sent Appellant a letter demanding immediate payment in full of the loan amount. When the demand went unpaid, Appellee filed an original petition for breach of contract against Appellant for the outstanding principal, tax penalties, interest, and attorney's fees. In January 2023, Appellee filed a traditional motion for summary judgment, and it was denied by the trial court because a fact issue existed regarding the remaining principal balance after accounting for the payments made by Appellant.

3

The parties entered into a Rule 11 Agreement in which they stipulated that Appellant had repaid $85,335.05 toward the loan—effectively resolving the fact issue of the remaining principal balance. Subsequently, Appellee filed a second motion for summary judgment, in which she applied the $85,335.05 in payments toward the principal and sought summary judgment on only the outstanding principal amount of $324,664.95.[1]

In her second motion for summary judgment, Appellee claimed that no issue of material fact remained regarding her breach of contract claim on the outstanding principal amount. She contended that, because the Acknowledgment was silent as to the repayment terms, payment was due on demand and that the parol evidence rule prevented the consideration of any evidence extrinsic to the Acknowledgment that contradicted this fact. In his response, which included a sworn declaration, Appellant argued that a fact issue remained because the Acknowledgment did not specify the loan's maturity date, interest rate, or repayment terms. Appellant claimed that before he signed the Agreement, he and Appellee had "discussed the specifics" and orally agreed that he would pay down the principal as certain liquidation events occurred, such as sales of any real property or business interests.

The trial court granted Appellee's second traditional motion for summary judgment, and it ordered $324,664.95 for actual damages, $16,505.63 for reasonable

---

[1]Appellee nonsuited her remaining claims for the amounts still owed for tax penalties and interest.

and necessary attorney's fees, and $44,231.85 for pre-judgment interest ($324,664.95 at 8.5% annum). Appellant brought this appeal.

## III. STANDARD OF REVIEW

In a summary-judgment case, the issue on appeal is whether the movant met the summary-judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We review a summary judgment de novo. *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

We take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008); *Provident Life & Accident Ins. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We also consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort*, 289 S.W.3d at 848. We must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all the evidence presented. *See Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex. 2006); *City of Keller v. Wilson*, 168 S.W.3d 802, 822–24 (Tex. 2005).

We will affirm a summary judgment only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action (or defense, as the case may be) as a matter of law. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

## IV. DISCUSSION

### A. SUMMARY JUDGMENT

Appellant argues that because there were disputed fact issues regarding the Acknowledgment's repayment terms and maturity date, summary judgment was improper. We agree.

To prevail on summary judgment, Appellee must conclusively prove all of the essential elements of her suit for breach of contract: (1) the existence of a valid agreement, (2) Appellee performed or tendered performance under the agreement, (3) Appellant breached the agreement, and (4) Appellee sustained damages because of the breach. *Wood Care Ctrs., Inc. v. Evangel Temple Assembly of God Wichita Falls*, 307 S.W.3d 816, 824 (Tex. App.—Fort Worth 2010, pet. denied).

### 1. Parole Evidence

We first consider the construction of the Acknowledgment for purposes of its alleged breach. In a contract to loan money, the material terms will generally be (1) the amount to be loaned, (2) maturity date of the loan, (3) interest rate, and (4) repayment terms. *T.O. Stanley Boot Co., Inc. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992).

6

We begin our analysis with the Acknowledgment's express language. Looking at the four corners of the Acknowledgment, it contains the amount to be loaned; however, the loan's maturity date, interest rate, and repayment terms are absent. As such, there are uncertainties in the interpretation of the missing terms in the Acknowledgment.

Only where a contract is ambiguous may a court consider the parties' interpretation and admit extraneous evidence to determine the true meaning of the instrument. *David J. Sacks, P.C. v. Haden*, 266 S.W.3d 447, 450-51 (Tex. 2008) (per curiam). When interpreting a contract, the court's primary focus is on the parties' true intentions. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). In this review, the parol evidence rule precludes the consideration of evidence that creates an ambiguity or gives the contract a meaning different from that which its language imports. *See Haden*, 266 S.W.3d at 447; *see also Americo Life, Inc. v. Myer*, 440 S.W.3d 18, 22 (Tex. 2014). The parol evidence rule does not, however, prohibit the consideration of surrounding facts and circumstances that inform the contract's text and render it capable of only one meaning. *Id.*; *see also Houston Expl. Co. v. Wellington Underwriting Agencies, Ltd.*, 352 S.W.3d 462, 469 (Tex. 2011) ("The rule does not prohibit consideration of surrounding circumstances that inform, rather than vary from or contradict, the contract text.").

On its face, the Acknowledgment has ambiguities because it is silent on several material terms. Appellee argues that a default contract interpretation rule should

apply, which makes the loan due on demand. *See Bowman v. El Paso CGP Co., L.L.C.*, 431 S.W.3d 781, 785 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). In response, Appellant contends that his declaration provides surrounding facts and circumstances to inform the true intention of the parties—oral discussions that he would repay the principal as liquidation events occurred.

We have held that if no time for payment of a debt is stated in a note, then it is a demand note. *Manandhar v. Jamshed.* No. 02-11-00027-CV, 2011 WL 3835980, at *3 (Tex. App.—Fort Worth Aug. 31, 2011, no pet.) (mem. op.). In an attempt to bar Appellant's extrinsic evidence, Appellee relies upon this default interpretation to characterize the Acknowledgment as due on demand. *Id.* However, the holding in *Manandhar* is distinguishable from the circumstances in this case—it did not address parol evidence that specifically pertained to a lacking repayment date.[2] *Id.*

In *Crego v. Lash*, the Corpus Christi–Edinburg court addressed the issue of silent loan terms coupled with competing interpretations of the repayment date. No. 13-12-00100-CV, 2014 WL 1272220, at *5 (Tex. App.—Corpus Christi–Edinburg Mar. 27, 2014, no pet.) (mem. op.). In that case, a loan agreement between the parties did not specify a time for repayment, and the appellant similarly argued that it was therefore due on demand. *Id.* However, the court concluded that it was not a

---

[2]The issue before us in *Manandhar* was a loan note that "did not have a payable on demand clause" and the impact that such a silent term had on the statute of limitations. 2011 WL 3835980 at *3. Neither the appellant nor appellee put forth extrinsic evidence that contradicted the loan's maturity date. *Id.*

demand loan because, although there was no written date in the contract for repayment, the appellee presented evidence that the parties had agreed that payment would be made when property was resold or when the bank released the funds held in security. *Id.* Thus, because repayment was tied to specific events—resale of the property or release of the funds—it was not a demand loan. *Id.* Likewise, Appellant's evidence in our case contradicts the loan being due on demand by providing that the repayment was tied to specific liquidation events.

Next, we look at whether such evidence can be considered. Undeniably, the parol evidence rule precludes incorporation of any prior or contemporaneous agreements that address the same subject matter and are inconsistent with the written contract. *See West v. Quintanilla*, 573 S.W.3d 237, 243 (Tex. 2019). However, in this case, Appellant's declaration does not vary from the language on the face of the written Acknowledgment but provides context. *See Myer*, 440 S.W.3d at 18. Like in *Crego*, evidence of oral discussions between Appellant and Appellee outside of the Acknowledgment of how and when the loan would be repaid can serve to inform the Acknowledgment's text. 2014 WL 1272220 at *3. Thus, we conclude that Appellant's declaration does not create ambiguity or variability but provides surrounding facts and circumstances for the complete agreement and the parties' true intentions without running afoul of the parol evidence rule. *See Berthelot v. Brinkmann*, 322 S.W.3d 365, 372–73 (Tex. App.—Dallas 2010, pet. denied) ("parol evidence is admissible to explain the writing or to assist in the ascertainment of the true intention of the parties

9

insofar as the parol evidence does not alter or contradict any part of the written memorandum in question.").

## 2. Fact Issue

Finally, we consider whether a material issue of fact exists, and we conclude that it does.

Appellee maintains that repayment was due on demand while Appellant contends that he and Appellee "agreed the principal would be repaid as liquidation events occurred." Having held that, in this instance, Appellant's summary judgment evidence does not violate the parol evidence rule, his declaration controverts Appellee's characterization of the Acknowledgment.

If a contract is subject to two or more reasonable interpretations after applying the pertinent rules of construction, the contract is ambiguous and creates a fact issue on the parties' intent. *J.M. Davidson Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003). Here, we are left with two parties who have divergent but reasonable interpretations of the Acknowledgment's material terms. Accordingly, there remains a fact issue. Reasonable and fair-minded jurors, in light of the evidence presented in the dueling declarations, could differ in their conclusions on the loan's repayment terms and maturity date. *See Spates*, 186 S.W.3d at 566.

Because Appellant's evidence established a genuine issue of fact as to the material terms of the Acknowledgment, summary judgment was improper. We sustain Appellant's first issue.

## V. CONCLUSION

Having sustained Appellant's first issue, we need not address his second issue of attorney's fees and interest. We reverse the trial court's judgment and remand for further proceedings.

/s/ Brian Walker

Brian Walker
Justice

Delivered: January 30, 2025