**H. E. BUTT GROCERY COMPANY,**
**Appellant,**

v.

**Catalina RODRIGUEZ, Appellee.**

**No. 462.**

Court of Civil Appeals of Texas.

Corpus Christi.

April 24, 1969.

---

3. See also Texas Oil & Gas Corp. v. Vela, 429 S.W.2d 866 (Tex.Sup.1968).

Adams, Graham, Lewis & Graham, Marshall Graham, Harlingen, for appellant.

McKeithan & Ellis, Bill Ellis, Jr., McAllen, for appellee.

## OPINION

SHARPE, Justice.

This appeal is from a judgment overruling appellant's plea of privilege to be sued in Nueces County, Texas. The parties will sometimes be referred to as in the trial court; i. e., Mrs. Catalina Rodriguez (who was joined by her husband), as plaintiff, and H. E. Butt Grocery Company, a corporation, as defendant.

This is a "slip and fall" case in which plaintiff sued for damages in the 93rd District Court of Hidalgo County, Texas, on account of injuries allegedly sustained on April 5, 1967 when she stepped on a grape on the floor and fell in one of defendant's grocery stores located in Mission, Hidalgo County, Texas. Plaintiff's controverting plea relied on exceptions 9a and 23, Art. 1995, Vernon's Ann.Civ.St. to sustain venue in Hidalgo County. However, on this appeal plaintiff seeks to sustain the judgment of the trial court only upon exception 9a.

Appellant's two points of error assert in substance that the trial court erred in overruling its plea of privilege because (1) there is no evidence to support findings of negligence and proximate cause against defendant, and (2) the evidence is factually insufficient to support a finding of negligence against defendant.

At the hearing before the judge on the plea of privilege, only Mrs. Catalina Rodriguez and her daughter, Mary Rodriguez, testified; the latter being fifteen years of age at the time of the hearing. Mrs. Rodriguez testified in substance as follows: She and her daughter went into defendant's store in Mission to shop for groceries. She was reaching for a loaf of bread when she slipped on something and fell, hitting the ice cream stand in back of her. She found a mashed grape on the bottom of her shoe. There was a streak on the floor and the grape was dirty and muddy. The floor was dirty and there was paper and trash on it. The aisle where she fell was in the middle of the store and about eight or nine feet from the cashier at the check-out counter. Plaintiff did not see the grape on the floor before she stepped on it. Mary Rodriguez, the plaintiff's daughter, testified in substance as follows: She was looking at magazines and heard her mother yell. Mary ran to see what had happened and found her mother on the floor. There was a grape on the floor and a piece of the skin of it on the mother's

shoe. There was also a big line on the floor where Mrs. Rodriguez had slipped on the grape. The grape was squashed and muddy, and the floor was dirty with pieces of paper thrown around. The parties stipulated that the location where Mrs. Rodriguez fell was two or three aisles over from the produce department; and that the court could judicially notice that Mission is located in Hidalgo County, Texas.

■ The parties recognize the well settled rules which are applicable to proof of a cause of action in this type of case for venue purposes as well as on the merits, as follows: Plaintiff must establish that (1) the defendant put the substance on the floor; or (2) defendant knew the substance was on the floor and willfully or negligently failed to remove it; or (3) that the foreign substance had been on the floor for such a period of time that it would have been discovered and removed by defendant in the exercise of ordinary care. See H. E. Butt Grocery Company v. Dillingham, 417 S.W.2d 373 (Tex.Civ.App., Corpus Christi, 1967, n. w. h.), and cases therein cited. The case of H. E. Butt Grocery Co. v. Johnson, 226 S.W.2d 501 (Tex.Civ.App., San Antonio, 1949, wr. ref. n. r. e.), relied on by plaintiff, is clearly distinguishable. See H. E. Butt Grocery Company v. Russell, 391 S.W.2d 571 (Tex.Civ.App., Waco, 1965, wr. ref. n. r. e.).

■ Plaintiff's basic argument here is that the judgment should be sustained on the third ground above-mentioned. That position is not well taken. There is no evidence that the grape on the floor had been there for such period of time that it would have been discovered and removed by defendant in the exercise of ordinary care. See R. E. Cox Dry Goods Co. v. Kellog, 145 S.W.2d 675 (Tex.Civ.App., Waco, 1940, writ refused). We agree with appellant that there was a failure to establish a cause of action for venue purposes in this case on any of the above-mentioned grounds. The plea of privilege should have been sustained and the cause transferred to one of the district courts of Nueces County, Texas. This Court will so render judgment.

Reversed and rendered.