MASS MARKETING, INC. d/b/a Super S Foods, Appellant,

v.

Josie GAINES, Appellee.

No. 04–00–00578–CV.

Court of Appeals of Texas, San Antonio.

Dec. 26, 2001.

Rinaldo J. Gonzalez, Law Offices of Rinaldo J. Gonzalez, san Antonio, for Appellant.

Stephen F. White, Mark E. Macias, White & Davis, P.C., San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice, CATHERINE STONE, Justice.

## OPINION

CATHERINE STONE, Justice.

Mass Marketing, Inc. d/b/a Super S Foods (Super S Foods) appeals the trial court's judgment in Josie Gaines's premise liability suit. After she slipped and fell in the Super S Foods store, Gaines brought a negligence suit against Super S Foods; the jury awarded damages of $65,000.00. Super S Foods contends there is no evidence to support the jury's finding and the trial court erred in overruling its motions for a directed verdict, judgment notwithstanding the verdict, and new trial. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Gaines slipped and fell on one or two grapes in a Super S Foods store in Dilley,

Texas.[1] The area where she slipped was a high traffic area of the store. Gaines testified that before she slipped on the grapes, they were green and undamaged. Gaines also stated that the grapes did not appear to have been smashed or walked on prior to her fall, and she did not believe that any Super S Foods employees were aware of grapes on the floor prior to her fall. Gaines acknowledged that the grapes she slipped on could have been on the ground for only a few seconds before she fell.

Moments before Gaines fell, store manager Manuel DeLeon was assisting a female customer with her groceries. The customer had a child sitting in the shopping cart eating grapes out of a bag. The grapes were hanging out of the bag, but DeLeon saw no grapes fall to the ground. After bagging the female customer's groceries, DeLeon moved her basket and "glanced" to see if any grapes were on the floor. He saw no grapes. After assisting the customer to her car, DeLeon returned and looked at the floor two more times for the presence of any grapes. DeLeon stated that he "glanced" three times to check for any presence of fallen grapes. DeLeon testified that his use of the word "glance" is synonymous with looking for a reasonable amount of time.

Also present before the fall was the cashier, Evarista Esqueda. Esqueda testified that she remembered the customer and her child eating grapes. Esqueda never saw a grape on the ground prior to Gaines' fall. While Esqueda stated that the grape was "probably" dropped by the child, she did not see any fall. No witnesses testified that they had seen or were aware of any grapes on the floor.

## ANALYSIS

■ To recover in a premise defect case, a plaintiff must establish:

(1) Actual or constructive knowledge of some condition on the premises by the owner/operator;

(2) that the condition posed an unreasonable risk of harm;

(3) that the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and

(4) that the owner/operator's failure to use such care proximately caused the plaintiff's injuries.

*Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex.1992). Super S Foods argues there is insufficient evidence to support the jury's finding that Super S Foods had actual or constructive knowledge of the dangerous condition in the store. Gaines was an invitee on Super S Foods's property. Super S Foods owed Gaines a duty to exercise ordinary care to protect her from risks of which Super S Foods was actually aware, and also from risks that it should have been aware of after a reasonable inspection. *Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 3 (Tex.1996) (per curiam). Constructive knowledge can be found if a reasonably careful inspection would have revealed an unreasonable risk. *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 295 (Tex.1983).

### Standard of Review

■ The standard for reviewing legal sufficiency is well-established. In determining if there is legally sufficient evidence, we review all the evidence in the light most favorable to the verdict and indulge every reasonable inference in favor of the verdict. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997).

---

1. There is some conflicting testimony in the record involving how many grapes Josie Gaines slipped on. Gaines testified that she slipped on two of four or five grapes on the floor. The store manager and checker stated there was only one grape.

A no evidence challenge will be sustained if:

  (a) there is a complete absence of evidence of a vital fact;

  (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact;

  (c) the evidence offered to prove a vital fact is no more than a mere scintilla; or

  (d) the evidence conclusively establishes the opposite of the vital fact.

*Id.* (*citing* Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 TEX. L.REV. 361, 362–63 (1960)).

◼ If there is more than a scintilla of evidence to support the finding, the legal sufficiency challenge must fail. *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex. 1983). There is less then a scintilla of evidence when the evidence "is so weak as to do no more than create a mere surmise or suspicion" of a vital fact. *Id.* There is more than a scintilla of evidence if the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Havner,* 953 S.W.2d at 711 (quotation omitted).

### Evidence of Actual or Constructive Knowledge

◼ DeLeon testified that he looked three separate times to see if grapes had fallen. Gaines argues that the inspection was not done reasonably. Based on the evidence presented, the jury reasonably inferred that the child eating grapes at the supermarket checkout line dropped the grape that Josie Gaines ultimately slipped on. The testimony of Evarista Esqueda and Manuel DeLeon establishes that this child was in the checkout line just a few brief minutes before Gaines proceeded through the checkout line. There is no testimony that any other customer purchased grapes in the few intervening moments before Gaines fell. This state of the evidence establishes that it was more likely than not that the grape fell on the floor some point while (1) the child was eating the grapes, or (2) the checkout clerk, Esqueda, took the open bag of grapes from the child, weighed the grapes on the scale, re-bagged the grapes, and then placed them in the shopping cart. This testimony establishes more than just a mere possibility of how long the grape was on the floor; it establishes more likely than not that the grape was on the floor just a few brief moments.

The question then becomes whether a few brief moments was a sufficient amount of time to charge Super S with notice. In this case, it was. Both DeLeon and Esqueda saw the child eating the grapes as the grapes dangled out of the bag. Both DeLeon and Esqueda were aware of the danger posed by the presence of any grapes on the floor. Indeed, knowledge of this potential danger is why DeLeon "glanced" at the floor. The jury was free to judge DeLeon's credibility and take his testimony at face value when he stated that he "glanced" at the floor several times and found no grapes. The jury could have believed that DeLeon did not look for a reasonable amount of time for any grapes on the floor. Rather, the jury could have determined that on this busy day when DeLeon was called to the front checkout line to help bag groceries, he merely "glanced" at the floor—he merely took "a quick or cursory look." WEBSTER'S COLLEGIATE DICTIONARY 519–20 (9th ed.1991). The jury evidently found that DeLeon's cursory look was insufficient, and there is more than a scintilla of evidence to support their conclusion.

Accordingly, we overrule the point of error and affirm the trial court's judgment.

Dissenting opinion by TOM RICKHOFF, Justice.

TOM RICKHOFF, Justice, dissenting.

Because the "circumstantial evidence [ ] relied upon to prove constructive notice" did not establish "that it is more likely than not that the dangerous condition existed long enough to give [Super S Foods] a reasonable opportunity to discover the condition," I respectfully dissent from the majority's holding to the contrary. *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (1998). The evidence in the record reveals that none of the witnesses had seen or were aware of any grapes on the floor prior to the time Gaines fell. In addition, there is very little circumstantial evidence to show how long the grapes were actually on the floor. It is clear, from the record, that the grapes were neither smashed nor soiled with dirt, which tends to show that the grapes were probably not on the ground very long. Furthermore, even if the grapes had been damaged, the Texas Supreme Court has held that such evidence alone is insufficient to show how long the grapes had been on the floor. *Gonzalez*, 968 S.W.2d at 937 (citing *H.E. Butt Grocery Co. v. Rodriguez*, 441 S.W.2d 215, 217 (Tex.Civ.App.—Corpus Christi 1969, no writ)(holding that testimony that the grape on which plaintiff slipped was squashed and muddy, that the floor was dirty, and that pieces of paper were strewn around nearby was no evidence that the grape had been on the floor long enough to charge the store with notice)); *see also H.E. Butt Grocery Store v. Hamilton*, 632 S.W.2d 189, 191 (Tex.App.—Corpus Christi 1982, no writ)(holding that testimony that grapes were stepped on and that the juices from both red and green grapes had blended together was no evidence of how long the grapes were on the floor).

In summary, it was Gaines's burden to demonstrate that "it was more likely than not" that the grapes had been on the floor long enough to charge Super S Foods with notice. However as in *Gonzalez*, "the circumstantial evidence ... supports only the possibility that the dangerous condition existed long enough to give [Super S Foods] a reasonable opportunity to discover it." *Gonzalez*, 968 S.W.2d at 936. "This rule, while harsh and demanding on plaintiffs, is nevertheless well established and plaintiffs must always discharge the burden of proving that the dangerous condition was either known to the defendant or had existed for such a length of time that he should have known it." *Id.* at 938 (quoting *Henderson v. Pipkin Grocery Co.*, 268 S.W.2d 703, 705 (Tex.Civ.App.—El Paso 1954, writ dism'd w.o.j.)). Accordingly, I find that there is insufficient evidence from which the jury could have inferred that the grapes were on the floor long enough for Super S Foods to have had a reasonable opportunity to discover them.