Kathy SPATES, Appellant,

v.

WAL–MART STORES, INC., Appellees.

No. 13–03–232–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Oct. 7, 2004.

Marion D. Allen, Robert T. Rice & Associates, Angleton, for Appellant.

Connie L. Hawkins, John Andrew Ramirez, Bush & Ramirez, P.C., Houston, for Appellee.

Before Justices HINOJOSA, YAÑEZ, and GARZA.

## OPINION

Opinion by Justice GARZA.

The Court withdraws its opinion in this case, *Spates v. Wal–Mart Stores, Inc.*, No. 13–02–232–CV, 2004 Tex.App. LEXIS 7227 (Corpus Christi, Aug. 14, 2004, no pet. h.), and issues this opinion in its place.

Kathy Spates sued Wal–Mart after suffering injuries by tripping over a plastic six-pack ring in a Wal–Mart store. The trial court granted a final summary judgment in favor of Wal–Mart, and Spates now appeals to this Court. Because we conclude that a genuine issue of material fact exists as to whether Wal–Mart had constructive knowledge of the six-pack ring, we reverse the trial court's order and remand the case for further proceedings consistent with this opinion.

## I. Discussion

Wal–Mart moved for summary judgment on both traditional and no-evidence grounds. In ruling for Wal–Mart, the trial court did not explain the basis for its judgment and did not specify whether it was granting Wal–Mart's traditional or no-evidence motion. We therefore discuss both grounds for summary judgment and explain why summary judgment would have been improper on either basis.

### 1. No–Evidence Summary Judgment

To survive a no-evidence motion for summary judgment, the non-movant must produce more than a scintilla of evidence on the challenged element of its claim. *See* Tex.R. Civ. P. 166a(i). More than a scintilla of evidence exists if the evidence "rise[s] to a level that would enable reasonable and fair minded people to differ in their conclusions." *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997).

 Wal–Mart sought to negate the first element of Spates' premises liability claim: the defendant had actual or constructive knowledge of some condition of the premises.[1] This requirement ensures that owners are allowed a reasonable amount of time to discover dangerous conditions. *Wal–Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex.2002). To prove constructive knowledge, Spates had to establish that, more likely than not, the condition existed long enough to give the premises owner a reasonable opportunity to discover it. *Id.* at 814. To do so and to avoid summary judgment, Spates had to produce some temporal proof—some proof of how long the hazard had existed before the accident. *See id.* at 816. This temporal proof is assessed by the fact finder, who uses it to determine whether, given

---

[1] The other elements are that the condition posed an unreasonable risk of harm, the defendant did not exercise reasonable care to reduce or eliminate the risk, and the defendant's failure to use reasonable care proximately caused the plaintiff's injuries. *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex.1992).

the other relevant circumstances, the premises owner had a reasonable opportunity to discover the dangerous condition. *See id.* If the amount of time did not give the owner a reasonable opportunity to discover the condition, there is no constructive knowledge and therefore no liability. What constitutes a reasonable time varies depending upon the facts and circumstances of the case. *Id.* In some cases, "a few brief moments" have sufficed. *See Mass Marketing, Inc. v. Gaines,* 70 S.W.3d 261, 264 (Tex.App.-San Antonio 2001, pet. denied).

■ Taken as true, Spates' evidence established that (1) the six-pack ring was on the floor for more than thirty to forty-five seconds prior to her accident; (2) a Wal-Mart employee was in close proximity to the six-pack ring (three to five feet away) at the time of Spates' fall; (3) the employee had frequently encountered plastic six-pack rings on the floor and knew they were hazardous; (4) the employee was engaged in "Zone Defense" at the time of Spates' fall, which is a procedure whereby an employee periodically stops regular duties and moves through the work area to make sure that the floor is clean.

Reasonable and fair minded jurors could disagree on whether the foregoing evidence establishes Wal-Mart's constructive knowledge. It is not for this Court to decide the issue of liability by dictating what a reasonable amount of time would be in this case; rather, we are concerned with only identifying genuine issues of material fact that would defeat summary judgment. Spates' evidence raises such a fact issue. In reaching this conclusion, we emphasize that in some cases even a "few brief moments" have sufficed to create constructive knowledge. *See Gaines,* 70 S.W.3d at 264. The issue before this Court is not whether a few brief moments is sufficient in this case; it is whether

thirty to forty-five seconds amounts to some "temporal proof" that can be considered by the finder of fact along with the other relevant circumstances of the case, such as the close proximity of Wal-Mart's employee. Whether these factors amount to constructive knowledge is an issue of fact. A no-evidence summary judgment in favor of Wal-Mart was therefore improper.

In reaching this conclusion, we reject Wal-Mart's contention that this case is controlled by prior precedent. Wal-Mart argues that the type of evidence produced by Spates has been offered by other similarly situated plaintiffs and rejected by the courts as being no evidence at all. *See Wal-Mart v. Gonzalez,* 968 S.W.2d 934, 937-38 (Tex.1998); *H.E. Butt Grocery Co. v. Rodriguez,* 441 S.W.2d 215, 217 (Tex. App.-Corpus Christi 1969, no writ.).

In the first case cited by Wal-Mart, *Wal-Mart v. Gonzalez,* the plaintiff slipped and fell on some macaroni salad on the floor of a Wal-Mart store. *Gonzalez,* 968 S.W.2d at 936. The plaintiff alleged that Wal-Mart had constructive knowledge of the hazard; but, as in this case, the only evidence showing how long the hazard had been on the floor prior to the plaintiff's accident was circumstantial. *See id.* at 936. The plaintiff's daughter testified that the salad had footprints on it and that it appeared as if "it had been there for a while." *Id.* Rendering judgment for Wal-Mart, the Texas Supreme Court held that this evidence was purely speculative and thus devoid of evidentiary value in determining how long the hazard had been in existence. *Id.* at 937-38.

*Gonzalez* does not control the instant case because, unlike the plaintiff in *Gonzalez,* Spates produced more than speculative evidence to prove a minimum amount of time that the hazard had existed before

her accident. This distinguishes the instant case from *Gonzalez*.

In the second case cited by Wal–Mart, *H.E. Butt Grocery Co. v. Rodriguez*, this Court reversed a judgment for a slip-and-fall plaintiff who had sued a grocery store after slipping on a grape. *See Rodriguez*, 441 S.W.2d at 217. We held that the plaintiff's evidence that the grape was squashed and muddy, that the floor was dirty, and that pieces of paper were strewn around on the floor nearby was no evidence that the grape had been on the floor for such period of time that it would have been discovered and removed by the defendant in the exercise of ordinary care. *Id.*

As with *Gonzalez*, this case can be distinguished from *Rodriguez* because the plaintiff in this case has produced some evidence of how long the hazard had existed. Spates' evidence establishes that the six-pack ring was on the floor for at least thirty to forty-five seconds before the accident. As such, Spates' evidence cannot be likened to the deficient evidence presented in *Gonzalez* and *Rodriguez*.[2]

One of our sister courts has recently reached a similar conclusion. *See Wal–Mart Stores, Inc. v. Garcia*, 30 S.W.3d 19, 23 (Tex.App.-San Antonio 2000, no pet.); *see also Gaines*, 70 S.W.3d at 264. In *Wal–Mart v. Garcia*, the plaintiff slipped and fell on a jalapeno that was on the floor of a snack bar. *Garcia*, 30 S.W.3d at 21. The San Antonio court found that the plaintiff's temporal evidence—her testimony that, at the time of her accident, no customers were in the area who had food items from which a jalapeno could have dropped—amounted to more than a scintil-

la of evidence to prove Wal–Mart's constructive knowledge of the hazard. *Id.* at 23. In so holding, the court distinguished the plaintiff's testimony from the testimony in *Gonzalez*. *Id.* It emphasized that the plaintiff's testimony established that the hazard had more likely than not been present for a minimum period of time. *Id.*

The instant case can be distinguished similarly. Spates produced evidence on which reasonable and fair minded people could disagree about whether Wal–Mart had constructive knowledge. The evidence shows that the hazard had been on the floor for at least thirty to forty-five seconds prior to the accident, that a Wal–Mart employee was within close proximity of the hazard, and that the employee was aware of such hazards and was actively looking for them. This is more than a scintilla of proof. We hold that thirty to forty-five seconds is a definite period of time that should be submitted to the finder of fact along with other evidence so that the finder of fact may decide whether Wal–Mart had constructive knowledge. Summary judgment was therefore improper on Wal–Mart's no-evidence motion.

### 2. Traditional Motion for Summary Judgment

In a traditional summary judgment, the movant must establish that no genuine issue of material fact exists as to at least one element of the non-movant's claim and that the movant is entitled to judgment as a matter of law. *See* Tex.R. Civ. P. 166a(c); *Cate v. Dover Corp.*, 790 S.W.2d 559, 562 (Tex.1990). All doubts about the existence of a genuine issue of a material fact are resolved against the movant. *Cate*, 790

---

**2.** In its motion for rehearing, Wal–Mart refers this Court to a recent opinion by the San Antonio court. *See Richter v. Wal–Mart, Inc.*, 04–03–00799–CV, 2004 Tex.App. LEXIS 7388 (San Antonio, August 18, 2004, no pet. h.)

(memorandum opinion). That opinion, however, has no precedential value for any court because it is a memorandum opinion. *See* Tex.R.App. P. 47.7. Accordingly, we need not address its holding.

S.W.2d at 562; *see also Acker v. Texas Water Comm'n,* 790 S.W.2d 299, 301–02 (Tex.1990). Where, as in this case, the trial court does not state the specific grounds upon which the summary judgment was granted, the reviewing court must consider whether any theories set forth in the motion will support a summary judgment. *State Farm Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex.1993). A summary judgment must be affirmed if any of the theories advanced by the movant are meritorious. *Id.*

Wal–Mart contends that summary judgment was proper because Spates produced no evidence of Wal–Mart's actual or constructive knowledge of the hazard. Wal–Mart argues that Spates' evidence is too speculative to support a finding of constructive knowledge. We have already reached a different conclusion. Spates' evidence amounted to more than a scintilla of proof on the element of constructive knowledge. A genuine issue of material fact exists on this element. A traditional summary judgment was therefore improper.

## II. Conclusion

Having reviewed both grounds on which Wal–Mart moved for summary judgment and concluded that neither ground can support a summary judgment, we reverse the trial court's judgment and remand for further proceedings consistent with this opinion.