**Footnotes in HTML versions of opinions are designated by boxes (click on the box to see the footnote text) and are not numbered. For an exact copy of the opinion, retrieve the Adobe PDF version.**

# IN THE SUPREME COURT OF TEXAS

•••••••••••

No. 04-1046

•••••••••••

Wal-Mart Stores, Inc., Petitioner,

v.

Kathy Spates, Respondent

••••••••••••••••••••••••••••••••••••••••••••••

On Petition for Review from the
Court of Appeals for the Thirteenth District of Texas

••••••••••••••••••••••••••••••••••••••••••••••

### PER CURIAM

In *Wal-Mart Stores, Inc. v. Reece*, this Court unanimously held that the mere proximity of

an employee to a spill, without evidence of when or how it came to be on the floor, was legally

insufficient to charge a premises owner with constructive notice of the hazard. 81 S.W.3d 812,

816-17 (Tex. 2002). Five months later, the 149th District Court of Brazoria County granted

summary judgment in a similar case involving the same retailer, in which the only evidence of

constructive notice was the proximity of an employee to a hazard, again with no evidence of when or how it came to be on the floor.

The appeal was transferred to the Thirteenth Court of Appeals, which reversed. 144 S. W.3d 657 (Tex. App. - Corpus Christi 2004). Although citing our opinion in *Reece*, the court chose to rely instead on one of the cases we specifically disapproved in that opinion. *Id.* at 660 (citing *Wal-Mart Stores, Inc. v. Garcia*, 30 S.W.3d 19 (Tex. App. - San Antonio 2000, no pet.), *disapproved, Reece*, 81 S.W.3d at 816 n.1. Accordingly, we reverse.

In her summary judgment affidavit, Kathy Spates avers that while shopping in the soft-drink aisle at a Wal-Mart in Lake Jackson, "her toe and sandal became entangled in an empty plastic six-pack ring," causing her to go down on one knee and extend her shoulder upward, injuring the latter. The ring "was directly behind" a Wal-Mart employee, "within 3-5 feet of her." "At no time was there any other person on the aisle [other than the employee] for at least 30-45 seconds."

Spates concedes there is no evidence that Wal-Mart created or knew of the hazard. Instead, she relies on constructive notice, which requires proof that an owner had a reasonable

opportunity to discover the defect. *Reece*, 81 S.W.3d at 813. As we explained in *Reece*, that question requires analyzing the combination of proximity, conspicuity, and longevity:

> [I]f the dangerous condition is conspicuous as, for example, a large puddle of dark liquid on a light floor would likely be, then an employee's proximity to the condition might shorten the time in which a jury could find that the premises owner should reasonably have discovered it. Similarly, if an employee was in close proximity to a less conspicuous hazard for a continuous and significant period of time, that too could affect the jury's consideration of whether the premises owner should have become aware of the dangerous condition.

*Id.* at 816.

While a Wal-Mart employee was near this clear plastic ring, the only evidence is that it was behind her as she worked on the shelves. Thus, the sole question is whether Spates's testimony that the plastic ring "had to have been on the floor" for 30 to 45 seconds establishes the employee's proximity for "a continuous and significant period of time." We hold it does not.

We review a summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *See City of Keller v. Wilson*, 168 S.W.3d 802, 822 & 823 (Tex. 2005). The only evidence here is that the alleged hazard was behind an employee's back for 30 to 45 seconds. To find constructive knowledge, jurors would have to find the employee should have noticed the plastic ring behind her. Had there been evidence it had been on

the floor for an extended period of time, reasonable jurors might assume that the employee should have seen it unless she sidled into the aisle or never took her eyes off the shelves. But on this record, that would be pure speculation.

Accordingly, we hold the summary judgment record contained no evidence that Wal-Mart should have discovered the six-pack ring Spates alleges was hazardous. Consistent with *Reece*, the Thirteenth Court of Appeals should have affirmed. As it did not, we reverse the latter's judgment and reinstate the trial court's summary judgment.

OPINION DELIVERED: February 24, 2006