

# NUMBER 13-09-00177-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOSEPH ANTHONY RIVAS,                                            Appellant,

v.

MPII, INC. D/B/A MISSION PARK
FUNERAL CHAPELS SOUTH,                                          Appellee.

### On appeal from the 57th District Court
### Of Bexar County, Texas.

## DISSENTING MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Perkes
Dissenting Memorandum Opinion by Justice Perkes**

The majority's opinion (1) does not address a competing inference raised by the evidence that this court must consider under the no-evidence standard of review, as set forth by the Supreme Court of Texas in *City of Keller v. Wilson*, 168 S.W.3d 802, 814 (Tex. 2005); and (2) conflicts with the Supreme Court of Texas's precedents on the time-notice rule. For these reasons, I respectfully dissent.

This lawsuit is a premises liability case. Rivas relies exclusively on constructive knowledge of a dangerous condition on the premises, there being no evidence that Mission Park had actual knowledge of such a condition. "Constructive notice is a substitute in the law for actual knowledge." *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102 (Tex. 2000). As the Supreme Court of Texas has explained, the rule requiring proof that a dangerous condition existed for some length of time before a premises owner may be charged with constructive notice is firmly established in Texas jurisprudence. *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 815 (Tex. 2002). The time-notice rule applies outside the slip-and-fall context and applies to premises conditions that are subject to deterioration. *CMH Homes*, 15 S.W. 3d at 102. The rule avoids the imposition of strict liability on premises owners for conditions that result in injury, and the rule applies even if it makes a case difficult to prove. *See id.*

In *Wal-Mart v. Spates*, the Supreme Court of Texas held that evidence that a clear, plastic six-pack ring was on the floor in close proximity to a Wal-Mart employee for thirty to forty-five seconds was legally insufficient to support a finding of constructive notice of the condition. 186 S.W.3d 566, 567-68 (Tex. 2006) (per curiam). The court concluded it would be "pure speculation" to "assume that the employee should have seen it" without evidence the condition existed for an extended period of time before the plaintiff's fall. *Id.* at 568. In this case, there is no evidence in the record that the hole existed prior to Rivas's fall. Because there is no evidence that the hole existed long enough prior to Rivas's fall to make it discoverable by reasonable inspection, the trial court's judgment should be affirmed.

The majority concludes that, based on circumstantial evidence that the hole was big, a jury could reasonably infer the hole existed long enough to give Mission Park reasonable opportunity to discover it. Time, however, cannot be presumed solely from the size of the hole and there is no evidence that the hole was created other than simultaneously with the fall. In *Fuller v. City of Kirkland*, the court affirmed summary judgment because there was no evidence the hole in which a funeral attendee stepped existed prior to the moment he stepped on what he believed to be solid ground.[1] *Fuller v. City of Kirkland*, No. 43536-1-I (Wash. Ct. App., Oct. 25, 1999), 1999 WL 969618, at *1–2 (not designated for publication). The plaintiff in *Fuller* stated that on his first step en route to the casket area, the ground "opened up into" a large hole and a large rock or piece of broken concrete slipped into the hole with him. *Id.* at *1. In reaching its conclusion, the court stated it would be speculation to conclude the hole existed prior to the fall. *Id.* at *2.

As in *Fuller*, the evidence in the summary-judgment record is that the event was unprecedented. *See id.* at *1. In reaching its decision, the majority does not consider evidence in the record that supports an inference that a cave-in occurred. This is a competing inference that must be considered under controlling precedent from the Supreme Court of Texas. Under the no-evidence standard of review, "when the circumstantial evidence of a vital fact is meager, a reviewing court must consider not just favorable but all the circumstantial evidence, and competing inferences as well." *City of Keller*, 168 S.W.3d at 814; *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727-28 (Tex. 2003). This rule applies in no-evidence summary-judgment cases. *See Keller*, 168 S.W.3d at 823. As quoted by the majority, "meager circumstantial evidence from

---

[1] Though *Fuller* is not binding on this court, its reasoning is persuasive and on point.

3

which equally plausible but opposite inferences may be drawn is speculative and thus legally insufficient to support a finding" that a premises condition existed long enough for a premises owner to discover it. *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). In *Gonzalez*, the supreme court held that the presence of footprints or cart tracks in macaroni salad on the floor was no evidence of the length of time the condition existed because the tracks equally supported the inference the condition was of recent origin and the opposite inference that the condition had existed for a long time. *Id.* at 937.

In this case, the evidence concerning the size of the hole, when considered in context, is consistent with an inference that the hole resulted from a cave-in and came into existence the moment Rivas stepped on the Astroturf. Because time cannot be presumed from size alone as a matter of logic, the evidence the majority cites cannot support the opposite inference that the hole existed long enough for Mission Park to discover it. The majority does not address the cave-in evidence though it is bound to do so under *Keller*. *See City of Keller*, 168 S.W.3d at 814.

Rivas testified that Astroturf surrounded the grave and extended "up to" the area where there was grave-side seating for funeral attendees. He testified that just after he set his portion of the casket down on the frame of the casket lowering device, his left foot went down into a hole. He testified it was his first step on the Astroturf and there was nothing about the condition of the Astroturf to suggest there was a hole underneath it. At least twice in his deposition, Rivas testified it may be that the ground just caved in. Rivas raised the possibility of a cave-in on his own. The cave-in evidence, particularly when considered in conjunction with the complete lack of evidence that the hole existed

4

for any length of time prior to Rivas's fall, bolsters the conclusion that there is no evidence of constructive knowledge in this case. Therefore, the trial court's judgment should be affirmed. *See Gonzalez*, 969 S.W.2d at 937.

 

 

                                        _____
                                        Gregory T. Perkes
                                        Justice

Delivered and filed the
24th day of March, 2011.