Affirmed and Memorandum Opinion filed June 30, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00053-CV

___________________

 

Michelle Ramsey, Appellant

 

V.

 

Palm Harbor Homes, Inc.,
Appellee



 



 

On
Appeal from the 234th District Court

Harris County,
Texas



Trial Court Cause No. 2009-35701

 



 

 

MEMORANDUM OPINION

Appellant Michelle Ramsey appeals the
trial court’s grant of summary judgment in favor of Palm Harbor Homes, Inc.  We
affirm.  

I

            Michelle Ramsey
purchased a manufactured home from Palm Harbor Homes, Inc. in January 2001.  In
2004, Ramsey sued Palm Harbor over alleged defects in the home, claiming
statutory fraud, breach of implied warranty of “good and workmanlike service,” and
breach of contract.  The parties signed an agreed order compelling arbitration,
and in 2005 Trey Bergman of Bergman ADR Group in Houston arbitrated the case. 
Ramsey, who appeals this case pro se, was represented by counsel at arbitration
and put on evidence and an expert witness in support of her claim.  The
arbitrator, however, concluded that Ramsey was not entitled to any recovery
against Palm Harbor.  

            Ramsey filed a
motion to vacate the arbitrator’s award, which the trial court denied.  The
trial court then entered a judgment confirming the arbitration award.  Ramsey
appealed the trial court’s ruling to this court, but the appeal was ultimately
dismissed.  In 2009, Ramsey filed a second suit against Palm Harbor in the 234th
District Court.  Although still seeking a recovery based on the home’s alleged
defects, Ramsey made two new allegations—that the home was constructed without
insulation, which resulted in exorbitant electricity bills, and that the home
had become contaminated with “set up mold.”  Ramsey also urged new statutory
allegations.  In its answer, Palm Harbor raised affirmative defenses of accord
and satisfaction, resolution by arbitration and the arbitrator’s award,
estoppel, res judicata, statute of limitations, and waiver.  Palm Harbor then
filed a motion for summary judgment.  The trial court granted Palm Harbor’s
motion and entered final judgment against Ramsey stating that “all claims are
res judicata having been resolved by the Arbitration Award issued August 12,
2005, and Plaintiff is estopped from re-litigating these claims.”  

            Ramsey appealed
the trial court’s judgment to this court.  We then received notice that Palm
Harbor had petitioned for voluntary bankruptcy.  Pursuant to section 362(a) of
the Bankruptcy Code, all proceedings in this appeal were stayed.  See 11
U.S.C. § 362(a); Tex. R. App. P. 8.2. The case was abated. On April 27, 2011,
the United States District Court for the District of Delaware issued an order
granting limited relief from the automatic stay for the purpose of allowing
this court to render a decision in this case.  Accordingly, we ordered the case
reinstated on June 2, 2011.  

II

            In her appeal,
Ramsey asks that we reverse the trial court’s grant of summary judgment and
further grant her a trial by jury.  She contends the arbitration award against
her should not stand because the arbitrator was biased against her, and she
further requests “reasonable” damages in the amount of “$15 million–20
million,” and that a record of repossession be removed from her credit report. 
Palm Harbor maintains the trial court properly granted summary judgment against
Ramsey because the 2005 arbitration award resolved all issues between the
parties.  

            We review the
trial court’s grant of summary judgment de novo.  Joe v. Two Thirty Nine
Joint Venture, 145 S.W.3d 150, 156–57 (Tex. 2004).  A movant must establish
its right to summary judgment by showing that no genuine issue of material fact
exists and that it is entitled to judgment as a matter of law.  Nixon v. Mr.
Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985).  We take as true all
evidence favorable to the non-movant, and we indulge every reasonable inference
and resolve any doubts in the non-movant’s favor.  Joe, 145 S.W.3d at
157.  We review a summary judgment for evidence that would enable reasonable
and fair-minded jurors to differ in their conclusions.  Wal-Mart Stores,
Inc. v. Spates, 186 S.W.3d 566, 568 (Tex. 2006) (per curiam).  A defendant
is entitled to summary judgment on an affirmative defense if the defendant
conclusively proves all the elements of the affirmative defense.  Frost Nat’l
Bank v. Fernandez, 315 S.W.3d 494, 508–09 (Tex. 2010), cert. denied,
131 S.Ct. 1017 (2011); see Tex. R. Civ. P. 166a(b), (c).

Res judicata precludes re-litigation of claims that
have been finally adjudicated, or that arise out of the same subject matter and
that could have been litigated in the prior action.  Amstadt v. U.S. Brass
Corp., 919 S.W.2d 644, 652 (Tex. 1996).  Res judicata is an affirmative
defense.  Tex. R. Civ. P. 94.  The party asserting the defense must prove: (1)
a prior final judgment on the merits by a court of competent jurisdiction; (2)
identity of parties or those in privity with them; and (3) a second action based
on the same claims as were raised or could have been raised in the first
action.  Amstadt, 919 S.W.2d at 652.  We apply a transactional approach
to res judicata.  Barr v. Resolution Trust Corp., 837 S.W.2d 627, 631
(Tex. 1992).  Under that approach, the subject matter of a suit is based on the
factual matters that comprise the gist of the complaint.  Id. at 630.  Any
claim that arises out of those facts should be litigated in the same action.  Id.

In its motion for summary judgment, Palm Harbor attached
a copy of Ramsey’s original petition to the 190th District Court; the agreed
order compelling arbitration signed by the parties’ respective counsel; the arbitrator’s
award decreeing Ramsey was not entitled to recover against Palm Harbor; the
190th District Court’s order denying Ramsey’s motion to vacate the arbitration
award; the 190th District Court’s order dismissing Ramsey’s suit with prejudice;
and an affidavit from the attorney who represented Palm Harbor in the 2004
lawsuit summarizing the litigation.  In both the 2004 and 2009 original
petitions, Ramsey alleges defects to the manufactured home she purchased from
Palm Harbor in 2001.  In her 2004 petition, she seeks recovery on several
theories, including statutory fraud, breach of implied warranty of “good
workmanlike service” in the home’s installation, and breach of contract.  She
also lists a range of alleged defects supposedly revealed by an inspection,
including:

Wall panels and trim separating throughout the structure. 
Cabinet finish was chipping and the kitchen cabinet was broken.  The front
exterior wood trim had water damaged [sic].  The carpet fiber turning colors in
the master bedroom and family room.  Wall panels separating and trim coming
loose.  Master bathroom door separating.  Exterior window trim had water
penetration at 45-degree cuts.  Exterior skirt cracking prematurely and the
Closet brackets do not work properly.  Hall bath floor, sub-floor is buckling. 
Kitchen ceiling is separating at drywall.  

Power surges are visible with lights on.  Circuit breaker
tripping for family and master bedrooms.  Exterior wall outlet boxes are not
sealed and air penetration occurring throughout the structure.  

Air handler closet is not sealed properly.  System is
causing an electrical power surge on startup and excessive noise at floor
ducts.  The cooling system is not working properly.  

Master commode was defective from improper installation. 
Utility room washing machine drain was not properly sealed.

All appliances not functioning well.  

In her 2009 petition,
however, Ramsey focuses on two complaints not specifically referred to in her
2004 petition.  First, she complains the home was installed without insulation,
resulting in exorbitant electricity bills.  Second, she complains the home had
“set up mold,” which “made everyone sick” and forced her family to move out. 
Ramsey further urges that her claim be considered under the “Unsafe
Environmental Act” and not the “Deceptive Trade Act,” noting the respective
statutes are “two different things.”  

It is clear that both of Ramsey’s lawsuits arise out
of alleged defects to the same manufactured home.  Palm Harbor offered summary-judgment
evidence conclusively establishing the existence of the 2004 litigation and demonstrated
that the facts alleged in the 2009 lawsuit encompassed the same subject matter
as the earlier action.  In her response to Palm Harbor’s motion for summary
judgment, Ramsey does not address why the judgment in the 2004 lawsuit should
not bar her 2009 suit.  After Palm Harbor conclusively established that the
subject matter forming the basis of Ramsey’s 2009 lawsuit had already been
litigated in 2004, it was incumbent upon Ramsey to introduce evidence raising a
genuine issue of material fact that the defects and conduct alleged in the 2009
original petition could not have been litigated with the exercise of due
diligence in the 2004 suit.  See Tex. R. Civ. P. 166a(c); Amstadt,
919 S.W.2d at 652.  She failed to do so.  

Because we agree with the trial court that res judicata
bars the claims presented in Ramsey’s 2009 petition, we overrule Ramsey’s sole
issue.  

* * *

For the
foregoing reasons, we affirm the trial court’s judgment.

                                                                                    

                                                                        /s/        Jeffrey
V. Brown

                                                                                    Justice

 

 

 

Panel consists of Justices Anderson,
Frost, and Brown.