**Opinion issued June 30, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00789-CV

———————————

**LOAN NGUYEN, Appellant**

**V.**

**TARGET CORPORATION, Appellee**

---

**On Appeal from the 269th District Court**
**Harris County, Texas**
**Trial Court Case No. 2013-76879**

---

## MEMORANDUM OPINION

Loan Nguyen sued Target Corporation after slipping and falling on a small puddle of water in one of its stores. She appeals the trial court's judgment granting Target's motion for summary judgment and dismissing her lawsuit. On appeal, she

argues that a jury question exists over whether Target had constructive knowledge of the puddle of water on the floor. We affirm.

## Background

While shopping at Target, Nguyen was walking near an intersection of a side aisle and the main aisle. As she was walking, she slipped and fell to the floor. Although she did not see anything on the floor before she slipped, after she fell she saw "a puddle of water," which she described as "small." Nguyen did not know how long the water was on the floor before she fell.

A surveillance video captured Nguyen's fall and, with the exception of three one-minute visual pans to other areas of the store, shows the activity in the area for the 20 minutes preceding her fall. The video does not show anyone spilling anything in the area. A Target employee was working in a nearby area from the beginning of the video period—about 20 minutes before Nguyen fell—until 10 minutes before Nguyen fell. At that point, he left the area. About four minutes before Nguyen fell, the employee again walked near the area on his way to the front of the store. That employee did not report any spills before Nguyen's fall. The video shows a man with a shopping cart walking through the same intersection where Nguyen fell about 10 seconds before her fall.

Brendan McDowell, Target's "Leader on Duty" the day of Nguyen's fall, testified that, before Nguyen's fall, the store had no reports of spills that day.

McDowell testified that no one at Target knew there was water on the floor before Nguyen fell, including the employee who was working in the department "right next to where the fall occurred." Neither McDowell nor that employee knew how the water spilled on the floor, although McDowell testified that there was "probably" piping or tubing or a mechanical fixture nearby that could have leaked water onto the floor.

According to McDowell, all Target team members are required to look for foreign substances on the floor. Melanie Short, the plaintiff's expert, provided a report that concluded that Target did not properly inspect the store or warn customers about the spilled water. Her report, however, also states that Target's policies "mirror . . . industry standards . . . by requiring all employees to be responsible for identifying hazardous conditions." Additionally, Short wrote that Target had a policy to sweep its floors hourly although there was no record of whether its employees swept the floor on schedule on the day Nguyen fell.

Nguyen sued Target under a premises liability theory to recover damages she suffered because of her fall. Target filed both a no-evidence and a traditional motion for summary judgment. The trial court granted summary judgment for Target without specifying the basis for its ruling. Nguyen appeals that order.

## Premises Liability

The duty owed by a property owner depends on the plaintiff's status when the plaintiff is on the owner's property. *See Fort Brown Villas III Condo Ass'n, Inc. v. Gillenwater*, 285 S.W.3d 879, 883 (Tex. 2009). A property owner owes a customer, an invitee, "a duty to exercise reasonable care to protect her from dangerous conditions in the store known or discoverable to it." *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). But that duty does not make the property owner "an insurer of the invitee's safety." *Id.*

To establish that the property owner breached its duty and that the plaintiff is entitled to damages, the invitee must show that (1) the property owner had "[a]ctual or constructive knowledge of some condition on the premises"; (2) the "condition posed an unreasonable risk of harm"; (3) the owner "did not exercise reasonable care to reduce or eliminate the risk"; and (4) the owner's "failure to use such care proximately caused the plaintiff's injuries." *Id.* The "threshold" question in establishing liability is whether the property owner had actual or constructive knowledge of the condition. *Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 3 (Tex. 1996).

In its no-evidence summary-judgment motion, Target contends that "Nguyen presented no competent controverting evidence with regard to the required knowledge or notice element of her claim" because she did not present any

4

evidence "of how long the condition existed prior to her accidental fall." Nguyen, in response, argues that "Target should have known about the slippery, wet, dangerous floor." According to Nguyen, a "few brief moments" is sufficient to show that the property owner had constructive notice of a spill. And more than a "few brief moments"—at least 20 minutes—passed with this spill on the floor because the video did not show "anyone spill[] water or other substances on the floor . . . ." And, thus, Nguyen maintains, the water "must have been on the floor when the video began . . . ." Additionally, Target had constructive notice of the spill, according to Nguyen, because a Target employee was in the area at the time and should have seen the spill.

## A. Standard of review

We review a trial court's judgment granting a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). If the trial court does not specify the reasons it granted the summary-judgment motion, we will affirm the trial court's judgment if any of the grounds are meritorious. *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 148 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

In a traditional summary-judgment motion, the movant must show that no genuine issue of material fact exists and that the trial court must grant its motion as a matter of law. TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Cty.*

*Housing Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). In a no-evidence summary-judgment motion, the movant must show that no evidence supports one or more elements of a claim or defense for which the nonmoving party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i); *Hahn v. Love*, 321 S.W.3d 517, 523–24 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). When a party files both, we consider first the no-evidence motion. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

When we review a summary-judgment motion, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

## B.  Constructive notice

To show that a property owner had actual or constructive knowledge of a condition, the plaintiff must show that either (1) the owner put the substance on the floor; (2) the owner actually knew that the substance was on the floor; or (3) the condition existed long enough to give the owner a reasonable opportunity to discover it. *Wal–Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). Although this standard is "demanding on plaintiffs," it is "nevertheless well established and plaintiffs must always discharge the burden of proving that the dangerous condition was either known to the defendant or had existed for such a

6

length of time that he should have known it." *Gonzalez*, 968 S.W.2d at 938 (quoting *Henderson v. Pipkin Grocery Co.*, 268 S.W.2d 703, 705 (Tex. Civ. App.—El Paso 1954, writ dism'd w.o.j.)).

Nguyen does not argue that Target put the water on the floor or that Target actually knew that the water was on the floor; thus, we focus on whether Nguyen presented any evidence that the water was present long enough to give Target a reasonable opportunity to discover it. To satisfy the plaintiff's evidentiary burden, the plaintiff must present evidence of the length of time that the unreasonably dangerous condition existed before her fall. *Reece*, 81 S.W.3d at 816. "Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition." *Id.*

Circumstantial evidence can satisfy the plaintiff's burden to show that enough time lapsed from the creation of the dangerous condition to give the property owner constructive notice, but that evidence must support more than just a "suspicion" or "possibility" that the owner had such notice. *See Lozano v. Lozano*, 52 S.W.3d 141, 149 (Tex. 2001); *Wal-Mart Stores, Inc. v. Rosa*, 52 S.W.3d 842, 844 (Tex. App.—San Antonio 2001, pet. denied). A plaintiff cannot rely on circumstantial evidence that supports equally plausible but opposite inferences. *Gonzalez*, 968 S.W.2d at 936. Thus, when a plaintiff relies on circumstantial

evidence to show that the property owner had sufficient time to have constructive notice of the dangerous condition, "the evidence must establish that it is more likely than not that the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the condition." *Id.*

For example, in *Gonzalez*, dirt in a macaroni salad on which the plaintiff slipped was "no evidence of the length of time" that the macaroni had been on the floor because the evidence could support either the inference that it had accumulated dirt over a long period of time or that it had been quickly contaminated in a well-traveled aisle. *Id.* at 937 (also citing several cases in which evidence—soiled macaroni, dirty grapes, and mixed juice from different types of grapes—was insufficient to show dangerous condition existed for sufficiently lengthy period to put property owner on constructive notice of dangerous condition for similar reasons). Similarly, in *Cox v. H.E.B. Grocery*, a security video showing 23 minutes before the plaintiff's fall did not satisfy the plaintiff's burden to show that the store had a reasonable opportunity to discover the peach piece on which she slipped because the poor quality of the video recording "precluded" any conclusion about the length of time that the peach was on the floor. No. 03-13-00714-CV, 2014 WL 4362884, at *3 (Tex. App.—Austin Aug. 27, 2014, no pet.) (mem. op.).

Nguyen did not present circumstantial evidence to show how long the water was in the aisle. Nguyen described the puddle of water as "small." She did not see the water before she fell, nor did she present any evidence that the puddle was large enough to be seen by a passing employee. A man with a shopping cart walked through the same intersection less than 10 seconds before Nguyen fell. He may have spilled the water. Or, if the water was there before he walked through, it may not have been a large enough spill for him to see. Nor can we assume that the water was on the floor when the video began; the video had three one-minute breaks in which it panned to other areas of the store, and the water could have spilled on the floor during one of those lapses in the video.

Nguyen argues that a Target employee was in a nearby area and, thus, Target should have known about the water. But the presence of employees around the area where the plaintiff fell is not sufficient in itself to show that the property owner had constructive notice. For example, in *Wal-Mart Stores v. Rosa*, several store employees were around the area shortly before the plaintiff slipped and fell on a banana. 52 S.W.3d at 844. But that evidence did "not tend to prove the piece of banana had been on the floor long enough to charge [the store] with constructive notice." *Id.*

Additionally, Nguyen cites two cases to argue that a "few brief moments" are sufficient to put a property owner on constructive notice that a dangerous

condition exists. *See Brookshire Bros. v. Aldridge*, 438 S.W.3d 9, 15, 30 (Tex. 2014) (holding that spill "too large to be cleaned by paper towels" that remained on the floor for about seven minutes put property owner on constructive notice); *Mass Mktg. v. Gaines*, 70 S.W.3d 261, 264 (Tex. App.—San Antonio 2001, pet. denied) (holding that store employee who saw child dangling bunch of grapes and "glanced" at the floor to see if child dropped them had "knowledge of this potential danger" and thus jury could have found that employee's "cursory look was insufficient").

Neither of those cases apply because they involve situations where the property owner had either actual notice that a dangerous condition existed or constructive notice because the dangerous condition was so large that the property owner had to have known that it existed. Unlike *Brookshire Brothers*, the spill in Target was "small." Nguyen proffered no evidence that the spill was large enough to be discovered in a "few brief minutes" by a store employee in a nearby section of the store. And unlike the property owner in *Mass Marketing*, Target did not have actual notice that water was about to spill. No evidence exists to show where the water came from or how long it was on the floor.

Thus, viewing the evidence in the light most favorable to Nguyen, no evidence exists to create an issue of material fact over whether Target had constructive notice of the small amount of clear water on the floor. *See Rendon v.*

*Target Store #£2152*, No. 13-13-00510-CV, 2014 WL 2527440, at \*4 (Tex. App.—Corpus Christi May 15, 2014, no pet.) (mem. op.) (holding that plaintiff offered no evidence of length of time dangerous condition existed and thus summary judgment dismissing her case was proper).

## Conclusion

We affirm the trial court's judgment.


Harvey Brown
Justice

Panel consists of Justices Keyes, Brown, and Huddle.