

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00108-CV
_____

JOHN WEGER, Appellant

V.

JUSTIN BRADLEY, BRADLEY J. HOLDINGS, LLC, REES ATKINS, AND YLANAN LAW
FIRM, PLLC D/B/A/ THE TITLE COMPANY, Appellees

On Appeal from the 43rd District Court
Parker County, Texas
Trial Court No. CV24-0776

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

In 2021, John Weger divorced his former wife, Brenda, and was awarded property located at "Banks Drive, Weatherford, Texas 76086" (Property).[1] On November 17, 2021, the divorce court signed an order appointing Rees Atkins as the receiver charged with selling the Property. In December 2021, Atkins sold the Property to Bradley J. Holdings, LLC. Weger asserted that Atkins had no authority to sell the Property and, as a result, sued Atkins, Justin Bradley, Bradley J. Holdings, LLC, and Ylanan Law Firm, PLLC d/b/a/ The Title Company (collectively "Appellees") for trespass to try title, fraudulent claim filed against real property, civil conspiracy, negligence, and conversion of personal property. The trial court granted summary judgment against Weger after finding that Appellees proved, as a matter of law, that the divorce court had authorized the sale of the Property. Accordingly, the trial court dismissed all of Weger's claims.

On appeal, Weger argues that the trial court erred by determining that Appellees were entitled to summary judgment.[2] Because we find that Weger raised a genuine issue of material fact as to whether Bradley J. Holdings purchased the Property, we reverse the trial court's summary judgment and remand the matter for further proceedings.

---

[1]According to Weger, the Parker County Tax Records listed that 0.49-acre tract as "0 Banks Drive."

[2]Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). We follow the precedent of the Second Court of Appeals in deciding the issues presented. *See* TEX. R. APP. P. 41.3.

## I.  Factual and Procedural Background

Appellees joined in filing a traditional motion for summary judgment on Weger's claims related to the Property, arguing that the sale of the Property was authorized by the divorce court.

Appellees' motion for summary judgment included the divorce court's decree, which awarded Weger the Property as his sole and separate property.[3]  The divorce decree listed the Property as "Banks Drive, Weatherford, Texas 76086" and described it in the following manner: "Acres:  0.490, Subd:  I-20 Industrial Park, Lot 18R-B, Blk:  1, Addn:  I-20 Industrial Park."  It also listed a nearby 0.590-acre lot on Banks Drive as Weger's sole and separate property.  Even though the Property and other realty were awarded to Weger, the divorce decree also required Weger to pay Brenda "$350,000.00 . . . no later than [sixty] days from the entrance of th[e] Decree."  The decree specifically stated that if the real properties, including the Property, were not "sold to satisfy the debt owed to [Brenda] by 180 days following the listing date, either party" could "request that a receiver be appointed by the Court to sell the properties."

The summary judgment record establishes that Weger did not make the $350,000.00 payment as required.  As a result, Brenda filed a motion to enforce the divorce decree.  The divorce court granted Brenda's motion, appointed Atkins as a receiver, and directed Atkins to take charge and possession of several properties, including "202 Banks Drive," but made no mention of the Property.  When listing the legal description of the real property to be sold, the enforcement order simply stated, "See Attached Exhibit A," but no such exhibit was attached to the order.  As a result, it was unclear whether the order of sale included the Property.

---

[3]The facts contained in this section were gathered from documents filed in the summary judgment record.

Atkins sold the 0.59-acre tract to Bradley J. Holdings on December 30, 2021. The deed and attached exhibits memorializing the sale failed to mention any description of the Property. It was not until June 2023, that Bradley J. Holdings reached out to Atkins, notifying him that their deed only included a description of a 0.59-acre tract but failed to include a description of the 0.49-acre Property known as 0 Banks Drive. It was undisputed that Weger had used the Property and stored tangible items, including heavy machinery, on the Property since the divorce. Even so, Atkins filed a correction deed in the Parker County Real Property Records stating that Bradley J. Holdings had acquired the Property. The correction deed prompted Weger's lawsuit, in which he claimed Atkins lacked authority to sell the Property.

Because the original enforcement order omitted Exhibit A, Brenda moved the divorce court for a judgment nunc pro tunc. The divorce court's nunc pro tunc enforcement order attached Exhibit A, which included property descriptions for both lots on Banks Drive. Brenda claims the nunc pro tunc order provided Atkins with the authority to sell the Property.

In response to Appellees' summary judgment evidence, Weger argued that while the divorce court had authorized Atkins to sell 202 Banks Drive, a 0.590-acre lot which Weger also owned, Atkins did not have authority to sell the Property at "0 Banks Drive." Weger acknowledged that the divorce court's nunc pro tunc enforcement order included the Property in Exhibit A but argued that it was void because it made substantive changes. Weger also argued that nothing shows that Bradley J. Holdings had actually paid consideration for the Property since it was not mentioned in any of the sale or title documentation. In fact, Weger shows that the title documentation from the sale reflects that Bradley J. Holdings paid $360,000.00 for the

4

0.59-acre tract. Weger also provided summary judgment evidence showing that the "escrow officer for the title company that did the closing," Rafel Ylanan, confirmed that the contract for sale only included 202 Banks Drive, not 0 Banks Drive, and that "the legal description [they] used for th[e] sale was the 0.59 acre tract." In support of his conversion claim, Weger provided summary judgment evidence showing that he had used the Property, which housed his tangible items and heavy machinery.

In reply, Appellees argued that the omission of Exhibit A from the divorce court's original enforcement order, which had included the Property in its legal description, constituted a clerical error that was remedied by the divorce court's nunc pro tunc enforcement order. As a result, Appellees argued that Atkins had always had the authority to sell the Property and that the divorce court's nunc pro tunc enforcement order proved as much. The summary judgment evidence also indicates that (1) in 2010, Weger had acquired the 0.59-acre tract and the 0.49-acre tract in the same deed; (2) after the sale of the 0.59-acre tract, The Title Company confirmed the omitted Exhibit A included the Property and "[b]oth [tracts] were to be sold as one property" pursuant to the enforcement order; and (3) Bradley J. Holdings purchased and acquired deeds to both the 0.59-acre tract and the 0.49-acre Property.

After reviewing the parties' motions and evidence, the trial court granted Appellees' motion for summary judgment.

## II. Standard of Review

As for Appellees' traditional motion, the issue on appeal is whether Appellees met their summary judgment burden by establishing that no genuine issue of material fact existed and that

5

they were entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(b); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). With respect to the no-evidence motion, the burden shifts "to the nonmovant to present evidence raising a genuine issue of material fact supporting each element contested in the no-evidence motion." *Perry v. Janson*, No. 02-25-00167-CV, 2026 WL 405956, at *3 (Tex. App.—Fort Worth Feb. 12, 2026, no pet.) (mem. op.) (citing *Wal-Mart Stores, Inc. v. Xerox State & Loc. Sols., Inc.*, 663 S.W.3d 569, 576 (Tex. 2023)).

"We review a summary judgment de novo." *Mann Frankfort*, 289 S.W.3d at 848; *see Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). "[W]e take as true all evidence favorable to" the nonmovant, and we "indulg[e] every reasonable inference and resolv[e] any doubts in [the nonmovant's] favor." *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008) (citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003)). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable factfinders could and disregarding evidence contrary to the nonmovant unless reasonable factfinders could not. *Mann Frankfort*, 289 S.W.3d at 848. We must consider whether reasonable and fair-minded factfinders could differ in their conclusions in light of all of the evidence presented. *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex. 2006) (per curiam) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 822–24 (Tex. 2005)).

### III. Analysis

Bradley J. Holdings holds a deed to the Property.[4] The divorce court's nunc pro tunc enforcement order shows that Atkins was authorized to sell the Property. Even so, Weger argues that Atkins did not actually sell the Property for consideration, even if he had the authority to do so.[5]

Here, the divorce decree awarded real properties to Weger as his sole and separate property and contained language showing that the properties would be sold to timely satisfy his debt to Brenda. The trial court's original enforcement order specifically referred to Exhibit A for the legal description of "202 Banks Drive" but failed to attach it. Weger provided summary judgment evidence showing that the Property was not included in the purchase price paid by Bradley J. Holdings. According to Ylanan, the Property was not: included in the purchase price, mentioned in any of the title documents or other documents memorializing the sale, or included in the description of the property sold. As a result, viewing the evidence in the light most favorable to Weger, we find that it created a genuine issue of material fact as to whether Bradley J. Holdings purchased the Property. Consequently, we find that the trial court erred by granting summary judgment in Appellees' favor.

We sustain Weger's first point of error. We further find that our ruling is dispositive of this appeal and remand the remaining matters to the trial court for further proceedings.

---

[4]Weger also alleged that Atkins did not actually sell the property. Yet, Weger's petition is based entirely on the argument that "Atkins did not have authority from the [divorce court] to convey" the Property.

[5]We need not address Weger's voidness challenge to the divorce court's nunc pro tunc enforcement order because we find that the trial court erred by granting summary judgment even if the divorce court's order was not void.

## IV. Conclusion

We reverse the trial court's summary judgment and remand the matter for further proceedings.

Scott E. Stevens
Chief Justice

Date Submitted:     March 16, 2026
Date Decided:       May 22, 2026