

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-07-00109-CV
_____

SHERRAINE LEWIS, Appellant

V.

WELLS FARGO HOME MORTGAGE, INC., Appellee

On Appeal from the 276th Judicial District Court
Camp County, Texas
Trial Court No. CV-05-049A

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

# OPINION

Two weeks after she bought it, Sherraine Lewis' house burned down. The insurance company paid her mortgage company, Wells Fargo Home Mortgage, Inc., which, instead of paying off the note, used the money to build a house on the foundation remaining from the residence. After the house burned, Lewis made no payments on the note, and Wells Fargo foreclosed on the property. Lewis sued Wells Fargo, seeking a declaratory judgment, complaining that, despite the loan being paid in full by the insurer, Wells Fargo had continued to report negative information on her credit report, and complaining because the defendant, rather than applying the insurance proceeds to the note and releasing her from liability, had instead constructed a new house on the property—which was substantially different from the original house.

Based on these allegations, Lewis asked the trial court to declare that the home had attached to the real property, thus it belonged solely to Lewis and she owed no debt on it, and Wells Fargo had no lien on the property. Lewis also asked the court to declare that Wells Fargo had failed to foreclose in the manner required by law and that the foreclosure was void. Finally, Lewis alleged that Wells Fargo had breached its contract, apparently by building a new residence rather than extinguishing the loan.

## I. The Motion for Summary Judgment

Wells Fargo obtained an order granting a partial summary judgment against Lewis' claims seeking declaratory judgment, declaring that "the home does not belong to the Plaintiff and that a

valid foreclosure occurred," but denying the motion in connection with her breach of contract and Fair Credit Reporting Act[1] claims. The court severed out the remaining claims, and the partial summary judgment thus became final and appealable. Lewis has now appealed that partial summary judgment wherein the trial court found that foreclosure was not wrongful and that Wells Fargo was the owner of the property.

The contention Lewis raised in this portion of the lawsuit is that she owns the home free and clear, with no debt outstanding to Wells Fargo, and that the bank thus has no lien on the property. She sought declaratory judgment on that basis, and Wells Fargo obtained a summary judgment against that claim.

On appeal, Lewis argues that the court erred by granting the summary judgment because there was no evidence of the amount due and owing when Wells Fargo received the payment from the insurance company. She argues that, since the evidence shows an outstanding balance of less than the amount received, then the note should have been marked as paid in full.

She also argues that, because the funds were not used for "restoration or repair" as set out by the deed of trust, but instead for "reconstruction or rebuilding," then Wells Fargo was required to use the payment by setting it off against any outstanding balance.

Based on both of those arguments, Lewis takes the position that a question of fact remains about whether (1) title should be entirely in her name, (2) ownership of the building constructed on

_____

[1]15 U.S.C.A. §§ 1681, et seq. (West 1998 & Supp. 2007).

the property was vested in her solely, and (3) whether the procedures used by Wells Fargo met the statutory requirements for a foreclosure.

## II.     Summary Judgment Standard of Review

To prevail on a motion for summary judgment, a movant must establish that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). Summary judgment for a defendant is proper when the defendant negates at least one element of each of the plaintiff's theories of recovery or pleads and conclusively establishes each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997); *Wornick Co. v. Casas*, 856 S.W.2d 732, 733 (Tex. 1993).

## III.     Ownership and Wrongful Foreclosure

The summary judgment evidence shows that Lewis entered into a deed of trust with Wells Fargo, which provided financing for the property. It shows that the amount of the initial loan was $139,313.00, that she had made no payments, and that the insurance company paid Wells Fargo $143,000.00. Wells Fargo claims that it was due $147, 337.23 based on a letter from its attorneys setting out the amount owed.

The issues before us at this time are whether there was a wrongful foreclosure and the ownership of the home. It is uncontested that Lewis made no payments for the home. Lewis' only complaint concerning the foreclosure being wrongful is a general statement that the foreclosure did not meet the statutory requirements. At trial, Lewis alleged that the notice was untimely. However,

4

the evidence shows the statutory notice requirements were fulfilled. Otherwise, Lewis relies on the proposition that the insurance payment should have been credited to her note, thereby satisfying her obligation, and therefore nothing was due, making foreclosure improper. Lewis essentially alleges that the legal effect of restoring the house resulted in the construction by Wells Fargo of an unencumbered improvement to her property.

The deed of trust provided that Lewis was to insure the premises; in the event of a loss, the insurance company was to pay the lender; all or any amount of the proceeds could be applied by the lender, at its option, to either: (a) the reduction of the indebtedness under the note or (b) the restoration or repair of the damaged property. A similar situation was discussed by Judge Clarence Guittard in *Zidell v. John Hancock Life Insurance Co.*, 539 S.W.2d 162 (Tex. Civ. App.—Dallas 1976, writ ref'd n.r.e.). In *Zidell*, the mortgagors owned a shopping center with an indebtedness to John Hancock. The security instrument provided that, in case of a loss covered by insurance, the proceeds would be paid to John Hancock which could, at its option, apply the insurance to the debt, restore the property, or some other options not relevant here. Zidell restored the property using his own funds, but Zidell allowed his note to become delinquent and John Hancock foreclosed, leaving some interest and attorney's fees due. Both parties claimed the insurance proceeds. The court held that the parties' contract entitled John Hancock to apply the proceeds to the unpaid balance stating the following:

> Courts are not at liberty to rewrite the contract of the parties without pleading
> and proof of fraud or mutual mistake. . . . We know of no reason of public policy

5

that would prevent a mortgagor from agreeing that the mortgagee may apply the insurance proceeds to the indebtedness, even when the property has been restored at the mortgagor's expense.

*Id.* at 165.

The distinction is that in *Zidell*, the mortgagee elected to apply the proceeds to the indebtedness, whereas here, the mortgagee restored the building on the property. The principle involved is the same: the contract of the parties authorized the mortgagee to make that election. Having that contractual right, it is not the prerogative of Lewis or this Court to require the mortgagee to apply the insurance proceeds to the debt.

## IV.    Restoration of the Damaged Property

Lewis argues that the insurance proceeds were not properly used because the house was not repaired or restored. She alleges Wells Fargo simply built another house on the property that in many important respects is inferior to the original one. We believe that issue is a part of Lewis' contractual cause of action that was severed; it does not affect the ownership of the property. The parties' contract authorized the lender to determine whether to credit the note or repair or restore the property. The lender did restore the house that burned; whether Lewis is entitled to recover based on her allegations that it was not properly restored is a matter to be resolved in the remaining case.

6

We affirm the judgment of the trial court.


                                        Jack Carter
                                        Justice


Date Submitted:        January 29, 2008
Date Decided:          February 29, 2008