

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00035-CV

ROBERT L. COYLE, JR., Appellant

V.

DR. ZACH ROZELL, DIRECTOR, AND ITEACH TEXAS (A/K/A ITEACH), Appellees

On Appeal from the County Court at Law No. 2
Denton County, Texas
Trial Court No. CV-2022-02054

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

A prospective teacher, Robert L. Coyle, Jr., applied to obtain an alternative teacher certification from iteachTEXAS (iteach), a private company that assists prospective teachers without education degrees in qualifing for teaching certificates issued by the Texas Education Agency (TEA) by providing coursework and field training. After Coyle was unable to complete the iteach program, he sued iteach and its Director, Dr. Zach Rozell, for breach of contract, among other things. The trial court granted summary judgment in favor of iteach and Rozell after finding that they conclusively proved Coyle could not recover because he failed to successfully complete the field-training requirements.

On appeal, Coyle argues that the trial court erred by determining that iteach and Rozell were entitled to summary judgment.[1] Because we find that the trial court's summary judgment was proper, we affirm the trial court's opinion.

## I.      Factual and Procedural Background

### A.      Coyle Agreed to Complete Field Experience to Obtain Alternative Teacher Certification

When Coyle applied for and was accepted as a candidate by iteach, he signed a Teacher Certification Agreement (Agreement) in January 2020, which clearly set forth the alternative certification program requirements necessary to obtain a standard teaching certificate with the Texas Board of Education. By signing the Agreement, Coyle

---

[1]Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). We follow the precedent of the Second Court of Appeals in deciding the issues presented. *See* TEX. R. APP. P. 41.3.

2

acknowledge[d] and agree[d] that his[] actions [were] governed by the Texas Education Code and the Texas Administrative Code, rules and regulations presently in effect or that may be adopted by the Texas Education Agency and/or any school district to which Candidate may be employed during the [Alternative Teacher Certification] Program or [when] completing a Field Experience.

The Texas Administrative Code requires educator preparation programs like iteach "[t]o prepare a candidate for initial certification in the classroom" by providing the candidate with field experience, including one of four options: (1) "clinical teaching that meets the standards in § 228.67," (2) "a clinical teaching option that is approved by the State Board for Educator Certification through an exception request," (3) "an internship that meets the requirements of § 228.73," or (4) "a residency that meets the requirements of § 228.65." 19 TEX. ADMIN. CODE § 228.61(a). Accordingly, in addition to coursework and testing requirements, the Agreement expressly provided that Coyle's "[p]articipation in and completion of the Program [wa]s conditioned on successfully completing the Field Experience according to iteachTEXAS Program guidelines" and that successful completion of the Field Experience was required for iteach to recommend a candidate for a standard teaching certification with the Texas State Board of Education.

The Agreement specified that to "obtain a Field Experience placement," Coyle had to secure "either a fulltime two semester Internship or a fourteen[-]week Clinical Teaching Practicum, in an identified content area within two (2) school years of the date of th[e] Agreement." The Texas Administrative Code also provides that "[a]n internship must be for a minimum of one full school year for the classroom teacher assignment or assignments that match the certification category or categories for which the candidate is prepared." 19 TEX. ADMIN.

3

CODE § 228.73(b). For this reason, the Agreement specified that Coyle, "[i]f employed as a teacher," was required to "maintain satisfactory active teaching status with the approved school in order to remain in the Program" and could "not change placement from one district to another during the Field Experience." In other words, the Agreement clarified that if Coyle did not "continue the Field Experience, [wa]s terminated, suspended, placed on administrative leave, placed on medical leave or resign[ed] from the school district, [Coyle's] Agreement with iteachTEXAS and continued participation in the Program w[ould] also be terminated."

**B.    Coyle Did Not Successfully Complete Field Training**

After completing coursework and testing, Coyle obtained a probationary teaching certificate and secured a fulltime, two-semester internship with the Beaumont Independent School District (ISD) as an English Language Arts teacher at Martin Luther King, Jr. (MLK) Middle School beginning August 2020. The Texas Administrative Code provides that "[a]n internship is successful when the candidate demonstrates proficiency in each of the educator standards for the assignment and the field supervisor and campus supervisor recommend to the [Educator Preparation Program] that the candidate should be recommended for a standard certificate." 19 TEX. ADMIN. CODE § 228.73(j). Before the end of the full school year, in April 2021, MLK Middle School's Campus Administrator, Julie A. Corona, completed an iteach "Internship Observation Form" and concluded that Coyle was "[n]ot sufficiently prepared by the program for the first year of teaching." As a result, Corona, who was responsible for the field-experience evaluation, rated Coyle as "[u]nsuccessful."

4

Even though Coyle did not successfully complete the internship, Beaumont ISD reassigned Coyle to another middle school in its district, Marshall Middle School.

## C.    Coyle's Voluntary Resignation Terminated His Agreement with iteach

However, Coyle did not finish the school year with Beaumont ISD because he voluntarily resigned in December 2021 after accepting a position as a teacher for Texas Virtual Academy, a charter school affiliated with Hallsville Independent School District.

On December 15, 2021, Coyle emailed Rozell to inform him that he had resigned from Beaumont ISD.  Because iteach was required to "ensure that candidates complete . . . a successful clinical experience," 19 TEX. ADMIN. CODE § 228.31(h), and because "[a]ll coursework and/or training [must have been] completed" before iteach could identify Coyle "as a completer [of the Program] and recommend[] [a] standard . . . certification," 19 TEX. ADMIN. CODE § 228.33(c), iteach did not recommend Coyle for a standard teaching certificate.  That was in accordance with guidelines stating that iteach was not responsible for supporting a candidate that resigned, and iteach had to send a "certificate deactivation request with all related documentation . . . within two calendar weeks of the candidate's last day of the assignment in a format determined by the TEA."  19 TEX. ADMIN. CODE § 228.73(g)(2), (h)(2).  As a result, a few weeks after Coyle started his new position, the principal of Texas Virtual Academy informed Coyle that his probationary teaching certificate was canceled and that he was required to have a "teacher certification to continue employment."

Even so, iteach sent a letter signed by Rozell on January 3, 2022, which stated that Coyle had to "[s]ucessfully complete a Field experience" to be recommended for a standard teacher

5

certification and had "successfully completed all iteachTEXAS and [S]tate of Texas requirements to be recommended for a Standard Teacher Certification." In an effort to obtain his teaching certificate, Coyle attached the letter to a complaint he filed with the TEA. On March 10, 2022, the TEA reviewed Coyle's formal complaint and concluded that "[t]he letter from iteachTEXAS signed by Dr. Zach Rozell [wa]s not relevant" because Corona did not recommend him for standard teaching certification.[2] The TEA also informed Coyle that he had to successfully complete "[a]n internship for one full school year."

### D. Coyle Sued

In July 2022, Coyle filed a pro se lawsuit against iteach and Rozell. Coyle alleged that he had "completed all iteachTEXAS and State of Texas requirements and ha[d] received approval for the issuance of a Standard Teaching Certificate." Coyle's petition complained that he, not iteach, submitted the approval with the TEA, but they failed to issue him a standard teaching certificate. After hiring an attorney, Coyle filed an amended petition that raised causes of action for negligence, breach of contract, and fraud against iteach and Rozell in his official capacity as iteach's director.

Rozell and iteach filed a verified denial alleging, among other things, that Rozell was not liable in the capacity in which he was sued and Coyle was not eligible for a standard teaching certificate because he never successfully completed the field experience portion of iteach's requirements before resigning his position with Beaumont ISD, which "terminated his participation with iteachTEXAS."

---

[2] A "[s]tandard certificate" is "[a] type of certificate issued to an individual who has met all requirements for a given class of certification, as specified in § 230.33 of this title." 19 TEX. ADMIN. CODE § 228.2(50).

**E.       The Trial Court Granted Summary Judgment Against Coyle**

Based on Coyle's unsuccessful field experience, voluntary resignation, and resulting termination from the iteach Program, iteach and Rozell filed a motion for summary judgment. The motion argued that Coyle (1) could not prove his negligence claim because iteach owed no duty to Coyle once he resigned, (2) could not prove his breach of contract cause of action since his voluntary resignation terminated the Agreement, (3) could not prove his fraud claim because iteach made no material misrepresentation, and (4) could not show that Rozell was liable in his capacity as director. In support of their motion, iteach and Rozell attached the Agreement, the Internship Observation Form showing that Coyle's field experience was unsuccessful, and Coyle's email informing Rozell that he had voluntarily resigned his position.

Coyle responded to the summary judgment motion by attaching Rozell's January 2022 letter stating he had "successfully completed all iteachTEXAS and State of Texas requirements to be recommended for a Standard Teacher Certification."

After hearing arguments, the trial court granted summary judgment as to Rozell because there was "no evidence that the corporate veil should be pierced." The trial court found that a contract—the Agreement—covered the dispute and, as a result, no cause of action in negligence would lie. The trial court also found no evidence of fraud because there was no material misrepresentation by iteach. Finally, because it was undisputed that Coyle had voluntarily resigned and never successfully completed an internship, the trial court found no evidence of breach of contract. Thus, the trial court granted iteach and Rozell's motion for summary judgment, and ultimately, Coyle took nothing by his claims.

7

## II. Standard of Review

Iteach and Rozell's summary judgment motion argued that they conclusively negated an element of each of Coyle's causes of action. As a result, in this summary judgment case, the issue on appeal is whether iteach and Rozell met their summary judgment burden by establishing that no genuine issue of material fact existed and that they were entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). "We review a summary judgment de novo." *Mann Frankfort*, 289 S.W.3d at 848; *see Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

"[W]e take as true all evidence favorable to [the nonmovant]," and we "indulg[e] every reasonable inference and resolv[e] any doubts in [the nonmovant's] favor." *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008) (citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003)). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort*, 289 S.W.3d at 848. We must consider whether "reasonable and fair-minded jurors [could] differ in their conclusions" in light of all of the evidence presented. *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex. 2006) (per curiam) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 822–23 (Tex. 2005)).

"Summary judgment for a defendant is proper when the defendant negates at least one element of each of the plaintiff's theories of recovery or pleads and conclusively establishes each element of an affirmative defense." *Lewis v. Wells Fargo Home Mortg., Inc.*, 248 S.W.3d 828,

8

830 (Tex. App.—Texarkana 2008, no pet.) (citing *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997)). "[I]f the defendant carries that burden and conclusively establishes its defense, the plaintiff can avoid summary judgment by raising a genuine issue of material fact . . . ." *Draughon v. Johnson*, 631 S.W.3d 81, 89 (Tex. 2021).

## III.    Analysis

Coyle's petition alleged negligence, breach of contract, and fraud. "The elements of a common-law negligence claim are (1) a legal duty; (2) a breach of that duty; and (3) damages proximately resulting from the breach." *Elephant Ins. Co. v. Kenyon*, 644 S.W.3d 137, 144 (Tex. 2022). The elements of a breach of contract action are "(1) the existence of a valid contract; (2) the plaintiff performed or tendered performance as the contract required; (3) the defendant breached the contract by failing to perform or tender performance as the contract required; and (4) the plaintiff sustained damages as a result of the breach." *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018). "The elements of a fraudulent misrepresentation claim are (1) a material misrepresentation, (2) which was either known to be false when made or was asserted without knowledge of its truth, (3) which was intended to be acted upon, (4) which was in fact relied upon, and (5) which caused injury."[3] *Boeing Co. v. Sw. Airlines Pilots Ass'n*, 716 S.W.3d 140, 150 n.19 (Tex. 2025).

---

[3]The portion of Coyle's petition asserting a fraud claim stated,

> Defendants represented to Plaintiff that they would assist, oversee, guide and gather requisite paperwork, with submission to the appropriate governing authority to obtain a teaching certificate. Plaintiff relied on such representations and entered into a contract with Defendants for such services. However, such promised services were not provided, and Defendants in fact misrepresented such facts to the Plaintiff, to his detriment, causing damages to the Plaintiff. All such representations were made with the intent to defraud Plaintiff and with actual malice.

9

As the trial court noted, iteach and Rozell's evidence conclusively established that, before receiving the January 2022 letter, Coyle had not successfully completed the Field Experience and resigned, thereby terminating his Agreement with iteach. That evidence conclusively negated an element of each of Coyle's causes of action because it showed that iteach's duty to assist Coyle terminated in December 2021, that Coyle failed to tender performance in accordance with the Agreement, and that Coyle could not rely on representations in the Agreement because he terminated it. Moreover, this evidence proved that the injury—failure to obtain a recommendation for a standard teaching certificate—was caused by Coyle's actions. As a result, Coyle had to raise a genuine issue of material fact to avoid summary judgment.

Coyle's only argument is that Rozell's January 2022 letter "told him that he had completed all of the requirements to obtain [a] teaching certificate" but that "Defendants did not follow through and report to the State of Texas his completion of all requirements." In other words, Coyle argues that Rozell's letter created a genuine issue of material fact as to whether Coyle completed iteach's requirements, including Field Experience.

"A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). By the time Coyle received the letter, he had already received an unsatisfactory rating for his Field Experience, resigned, and terminated the Agreement. Simply put, Coyle failed to introduce even a scintilla of evidence showing that he had successfully completed Field Experience and was entitled to a recommendation for a standard teaching

Because of such misrepresentations, the Plaintiff has not been able to obtain his teaching certificate to teach in the State of Texas.

10

certificate. Rozell's letter failed to create any genuine issue of material fact since Coyle's Agreement with iteach was already terminated when the letter was sent. Further, Coyle sent Rozell's letter to the TEA, and the TEA made its own determination that, Rozell's letter notwithstanding, Coyle's Field Experience was deficient. As part of the Agreement with iteach, Coyle had agreed that TEA rules applied to the completion of Field Experience.

Under these circumstances, we find that the trial court properly determined that iteach and Rozell conclusively negated an essential element of all of Coyle's causes of action. We overrule Coyle's points of error related to the trial court's summary judgment.

## IV.     Conclusion

We affirm the trial court's judgment.


Charles van Cleef
Justice

Date Submitted:     September 30, 2025
Date Decided:       October 21, 2025

11